GERTRUDE H. BLACKBURN, DONOR, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34390.    Promulgated April 29, 1953.

*Clark G. Clinton, Esq.*, for the petitioner.
*J. Marvin Kelley, Esq.*, for the respondent.

## OPINION.

BLACK, *Judge:* Originally the Commissioner determined a deficiency in petitioner's gift tax for the year 1947 of $23,360.21. He based his determination on a holding that the gifts which petitioner made to her two children on December 31, 1947, were of future interests in property subject to a life estate reserved in petitioner and that petitioner was not entitled to any exclusions of $3,000 each. The Commissioner now concedes that he was in error in this determination and that whatever gifts there were to the two children in the transfer of the property in question were gifts of present interest and that petitioned is entitled to two exclusions of $3,000 each. Respondent, however, amended his answer at the hearing so as to contend that the fair market value of the note having a face value of $172,517.65, received by petitioner in consideration for the transfer of the property, was not in excess of $134,538.30. Respondent, therefore, now contends that the amount of the gift which petitioner made to her two children on December 31, 1947, was $110,461.30, instead of $165,314.95 which was determined in his deficiency notice.

On her gift tax return petitioner reported a value of $52,482.34. Petitioner now contends on her part that the amount of the gift was $72,482.35 which represents the difference between $245,000, the agreed value of the property, and $172,517.65, the face value of the note.

Thus it will be seen that the only issue now between the parties is as to the value of the note which petitioner received in partial consideration from her children for the transfer of the property in ques-

tion. The applicable statute and Regulations are printed in the margin.[1]

As we have already stated, petitioner contends that the note which petitioner received from her two children had a fair market value equal to its face value of $172,517.65. Respondent contends that the note had a fair market value of not more than $134,538.30. This represents the point of difference between the parties. Respondent bases his contention upon the fact that the note bore interest at only 2¼ per cent per annum, whereas the usual rate of interest charged on real estate mortgage loans to individuals, amply secured by commercial real estate similar to the property securing the loan in this proceeding, was 4 per cent per annum in the city of Amarillo. Applying this factor, respondent contends that the note in question had a fair market value of $134,538.30 on the date it was received. We think respondent must be sustained in this contention. It seems to us that it would be unrealistic for us to hold that a note with a face value of $172,517.65, bearing interest only at the rate of 2¼ per cent per annum and having 34½ years to run, had a fair market value on the date of its receipt equal to its face value. Undoubtedly, petitioner was fully justified in believing that the note would be paid in full according to its terms, but that factor alone does not determine the fair market value of a note. Other factors such as the rate of interest which the note bears and the length of maturity must be considered.

After a careful consideration of all the evidence we have concluded that the note, secured by the mortgage, had a fair market value of $134,538.30 at the time it was received by petitioner on December 31, 1947. That figure should be used in a computation of petitioner's gift tax arising from the gift which she made to her two children on December 31, 1947.

*Decision will be entered under Rule 50.*

---

[1] Internal Revenue Code.

SEC. 1002. TRANSFER FOR LESS THAN ADEQUATE AND FULL CONSIDERATION.
Where property is transferred for less than an adequate and full consideration in money or money's worth, then the amount by which the value of the property exceeded the value of the consideration shall, for the purpose of the tax imposed by this chapter, be deemed a gift, and shall be included in computing the amount of gifts made during the calendar year.

Regulations 108.
SEC. 86.8 TRANSFERS FOR A CONSIDERATION IN MONEY OR MONEY'S WORTH.—Transfers reached by the statute are not confined to those only which, being without a valuable consideration, accord with the common law concept of gifts, but embrace as well sales, exchanges, and other dispositions of property for a consideration in money or money's worth to the extent that the value of the property transferred by the donor exceeds the value of the consideration given therefor. However, a sale, exchange, or other transfer of property made in the ordinary course of business (a transaction which is bona fide, at arm's length, and free from any donative intent), will be considered as made for an adequate and full consideration in money or money's worth. A consideration not reducible to a money value, as love and affection, promise of marriage, etc., is to be wholly disregarded, and the entire value of the property transferred constitutes the amount of the gift.