Charles **SCHUSTERMAN and Lynn N. Schusterman, Plaintiffs–Appellants,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 94–5106.

United States Court of Appeals, Tenth Circuit.

Aug. 22, 1995.

Richard A. Freling, Dallas, TX (Donald A. Glassberg of Levenfeld, Eisenberg, Janger, Glassberg & Halper, Chicago, IL, Theodore A. Sinars of Madden, Jiganti, Moore & Sinars, Chicago, IL, David G. Glickman of Hopkins & Sutter, Dallas, TX, with him on the brief), for plaintiffs-appellants.

Charles Bricken, Atty., Dept. of Justice, Washington, DC, (Loretta C. Argrett, Asst. Atty. Gen., Richard Farber, Atty., Stephen Charles Lewis, U.S. Atty., of counsel, Dept. of Justice, Washington, DC, with him on the brief), for defendant-appellee.

Before ANDERSON, BARRETT, and BALDOCK, Circuit Judges.

BALDOCK, Circuit Judge.

Plaintiffs Charles and Lynn N. Schusterman ("Taxpayers") filed this tax refund action against Defendant United States in the district court pursuant to 28 U.S.C. § 1346(a)(1), contending the Internal Revenue Service ("IRS") erroneously assessed and collected gift taxes from them. On cross motions for summary judgment, the district court entered judgment in favor of the United States. Our jurisdiction over Taxpayers' appeal arises under 28 U.S.C. § 1291.

On September 21, 1980, Taxpayers transferred 420 shares of Tilco, Inc. Class B common stock to five irrevocable trusts ("Trusts"). The Trustees of the Trusts executed promissory notes payable to Taxpayers in exchange for the Tilco stock, in the principal amount of $7,954,046.60, the undisputed fair market value of the stock. The promissory notes provided interest at six percent per annum. Taxpayers and the United States stipulated, however, that the prevailing market interest rate in September 1980 was eleven and one-half percent. Tax counsel advised Taxpayers to set the interest rate of the promissory notes at six percent—the safe harbor rate referenced in I.R.C. § 483(c) and specified in Treas.Reg. § 1.483–1(d)(1)(ii)(B)—in order to prevent the IRS from assessing gift taxes under I.R.C. § 2512(b) on the amount by which the value of the stock exceeded the value of the notes, discounted to reflect the prevailing market interest rate.

Despite Taxpayers' efforts, the IRS notified them that they owed gift taxes. The IRS determined Taxpayers owed a deficiency in gift taxes arising from the stock transfer because the promissory notes that served as consideration for the transaction did not provide the prevailing market interest rate. The IRS informed Taxpayers that use of the safe harbor interest rate under § 483 and Treas.Reg. § 1483–1(d)(1)(ii)(B) did not preclude it from imposing gift taxes pursuant to I.R.C. § 2512(b) on the amount by which the value of the stock exceeded the present value of the notes, discounted to reflect the market interest rate. The IRS concluded that Taxpayers had made a gift to the Trusts because the value of the stock exceeded the value of the promissory notes received in exchange. That is, the promissory notes Taxpayers received in consideration for the transfer bore six percent interest, five and one-half percent less than the prevailing eleven and one-half percent market rate. Thus, the IRS disregarded the six percent rate specified in the promissory notes, and applied an annual discount rate of eleven and one-half percent. Discounting the principal amount of the promissory notes by eleven and one-half percent reduced the present value of the promissory notes to $4,601,551 which is $3,352,489 less than the $7,954,046.60 value of the stock. Pursuant to I.R.C. §§ 2501(a)(1), 2512(b), the IRS taxed the $3,352,489 difference between the present value of the promissory notes and the value of the stock as a gift by Taxpayers to the Trusts.

Taxpayers filed gift tax returns and paid gift taxes with interest in the sum of $1,157,-127.72. Thereafter, Taxpayers filed claims for refund of the taxes and interest, plus statutory interest. Taxpayers argued their use of the six percent safe harbor interest rate in the notes under I.R.C. § 483 prevented the IRS from determining the present discounted value of the promissory notes using the market interest rate of eleven and one-half percent and imposing gift taxes pursuant to I.R.C. § 2512(b).

After the IRS denied their refund claim, Taxpayers filed a refund action in the district court pursuant to 28 U.S.C. § 1346(a)(1) contending the IRS had erroneously assessed and collected gift taxes. Taxpayers and the United States stipulated "[i]f the court determines that the 6% rate used by Plaintiffs is inapplicable to the stock-transfer transaction, then the 11.5% rate used by the IRS is applicable." On cross motions for summary judgment, the district court ruled that I.R.C. § 483 does not provide a safe harbor from the application of market interest rates for purposes of gift tax valuation. Consequently, the district court concluded that Taxpayers' use of the six percent I.R.C. § 483 safe harbor interest rate in the promissory notes did not prevent the IRS from discounting the value of the notes by the prevailing market rate to determine the present value of the consideration received in exchange for the stock. The district court ruled that under I.R.C. §§ 2501(a)(1), 2512(b) the IRS was authorized to determine the present discounted value of the promissory notes using the eleven and one-half percent prevailing market interest rate, and impose gift taxes on the $3,352,489 difference between the $7,954,046.60 value of the stock and the $4,601,551 discounted value of the promissory notes. In sum, the district court held that I.R.C. § 483 "is irrelevant to a 26 U.S.C. § 2512 valuation of gifts" and entered sum-

mary judgment in favor of the United States. This appeal followed.

On appeal, Taxpayers contend the district court erred by ruling that § 483 is not relevant to a § 2512 valuation of an installment sales contract for purposes of gift tax liability. Specifically, Taxpayers argue that their use of the six percent safe harbor rate under I.R.C. § 483 prevents the IRS from using the prevailing market interest rate to determine the discounted present value of the promissory notes under § 2512(b).

## I.

■■■■ Taxpayers' argument on appeal requires us to interpret I.R.C. § 483 and I.R.C. § 2512. In statutory interpretation we look to the plain language of the statute and give effect to its meaning. *United States v. Ron Pair Enter., Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989); *Johns v. Stewart,* 57 F.3d 1544, 1555–56 (10th Cir. 1995). " 'Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive.' " *Kaiser Aluminum & Chem. Corp. v. Bonjorno,* 494 U.S. 827, 835, 110 S.Ct. 1570, 1575, 108 L.Ed.2d 842 (1990) (quoting *Consumer Prod. Safety Comm'n v. GTE Sylvania, Inc.,* 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980)). If the statute is clear, that is the end of our inquiry. *United States v. Morgan,* 922 F.2d 1495, 1496 (10th Cir.), *cert. denied,* 501 U.S. 1207, 111 S.Ct. 2803, 115 L.Ed.2d 976 (1991). We review the district court's interpretation of a federal statute de novo. *Eastern Inv. Corp. v. United States,* 49 F.3d 651, 657 (10th Cir.1995). We review the district court's entry of summary judgment de novo, applying the same legal standard used by the district court under Fed.R.Civ.P. 56(c). *State of Utah v. Babbitt,* 53 F.3d 1145, 1148 (10th Cir.1995).

## A.

The version of I.R.C. § 483 in effect when Taxpayers transferred the stock to the irrevocable trusts provided:

> Sec. 483. INTEREST ON CERTAIN DEFERRED PAYMENTS.

(a) *Amount Constituting Interest.*—For purposes of this title, in the case of any contract for the sale or exchange of property there shall be treated as interest that part of a payment to which this section applies which bears the same ratio to the amount of such payment as the total unstated interest under such contract bears to the total of the payments to which this section applies which are due under such contract.

(b) *Total Unstated Interest.*—For purposes of this section, the term "total unstated interest" means, with respect to a contract for the sale or exchange of property, an amount equal to the excess of—

> (1) the sum of the payments to which this section applies which are due under the contract, over

> (2) the sum of the present values of such payments and the present values of any interest payments due under the contract.

For purposes of paragraph (2), the present value of a payment shall be determined, as of the date of the sale or exchange, by discounting such payment at the rate, and in the manner, provided in regulations prescribed by the Secretary....

(c) *Payments to Which Section Applies.*—

> (1) *In general.*—Except as provided in subsection (f), this section shall apply to any payment on account of the sale or exchange of property which constitutes part or all of the sales price and which is due more than 6 months after the date of such sale or exchange under a contract—

> > (A) under which some or all of the payments are due more than one year after the date of such sale or exchange, and

> > (B) under which, using a rate provided by regulations prescribed by the Secretary for purposes of this subparagraph, there is a total unstated interest.

> Any rate prescribed for determining whether there is total unstated interest for purposes of subparagraph (B) shall be at least one percentage point lower than the rate prescribed for purposes of subsection (b)(2).

26 U.S.C. § 483 (1976 ed.). We may determine the clear intent of Congress in enacting I.R.C. § 483 by explicating the individual sections which together comprise the whole. *See Ron Pair Enter., Inc.,* 489 U.S. at 241, 109 S.Ct. at 1030.

Section 483(c) defines the scope of I.R.C. § 483. Section 483(c) provides that § 483 applies to payments under a contract for sale or exchange of property due more than six months after the sale if the contract: (1) provides for any payment more than one year after the date of the sale, and (2) the payments contain "total unstated interest" "using a rate provided by regulations." I.R.C. § 483(c)(1). In addition to the time constraints, § 483(c)(1)(B) clearly establishes that § 483 applies only to payments under a contract for sale or exchange of property that contain "total unstated interest" when compared to an interest rate prescribed by regulation. *Id.; see* Treas.Reg. § 1.483–1(d)(1)(ii)(B) (providing six percent interest rate at time of transaction in instant case).[1]

■ The concept of "total unstated interest" therefore constrains the scope of § 483. Section 483(b) sets forth a formula to calculate whether a contract for sales or exchange contains "total unstated interest." I.R.C. § 483(b). Implicit in the subsection is the truism that a payment will never contain "total unstated interest" if the contract provides interest at least at the level prescribed by the regulation referenced in § 483(b), (c)(1)(B)—*i.e.,* the safe harbor rate. *See* I.R.C. § 483(b), (c)(1)(B); Treas.Reg. § 1.483–1(d)(1)(ii)(B). The interest rate set by regulation is known as the "safe harbor" rate because a contract for the sale or exchange of property that employs the interest rate will by definition never contain "total unstated interest." Because the plain language of § 483(c)(1)(B) establishes that contract payments that do not contain "total unstated interest" are outside the scope of I.R.C. § 483, the interest rate set by regulation carves out a safe harbor from application of I.R.C. § 483(a) itself. Thus, at the time of the transaction in the instant case, a contract

for sale or exchange of property that provided interest on deferred payments at a rate at least equal to the six percent safe harbor rate set by Treas.Reg. § 1.483–1(d)(1)(ii)(B) was not subjected to I.R.C. § 483(a).

■ A contract for sale or exchange of property that fails to provide interest at least at the minimum safe harbor rate is subject to § 483(a) because the payments contain "total unstated interest." I.R.C. § 483(c). The title of § 483(a)—"Amount Constituting Interest"—announces the intent and effect of the section. Simply put, § 483(a) designates what amount of principal in each payment containing insufficient interest will be taxed as interest. I.R.C. § 483(a). Under the precise language of § 483(a), for purposes of the entire tax code, payments under any contract for the sale or exchange of property that contain total unstated interest as defined in § 483(b), (c) will be subjected to a ratio-based computation to determine what portion of each payment will be recharacterized as interest and taxed accordingly. I.R.C. § 483(a).

■ We believe a careful examination of the plain language of the statute reveals Congress' clear intent in enacting § 483. Section 483 insures that a taxpayer does not avoid income taxes by structuring an installment contract to provide only for the payment of principal (taxed as capital gains) without interest (taxed as ordinary income). Unless payments under an installment contract provide interest at a minimum rate (the safe harbor interest rate), the payments are deemed under operation of § 483(b), (c) to contain "total unstated interest." Under § 483(a), payments that contain "total unstated interest" are manipulated via a ratio-based formula to recharacterize a portion of the principal as interest—*i.e.,* to impute a higher interest rate to the contract when insufficient interest was provided in the contract. In sum, I.R.C. § 483 prevents a seller of property under an installment contract for sale or exchange of property from converting ordinary income (interest) into capital gains (principal).

1. Treas.Reg. § 1.483–(d)(1)(ii)(B) provides: "[F]or payments on account of a sale or exchange of property entered into on or after July 24, 1975, and before July 1, 1981 ... the test rate prescribed by ... this section shall be 6 percent per annum simple interest."

## B.

In contrast, I.R.C. § 2501(a)(1) imposes a tax on property transferred by gift. *See* I.R.C. § 2501(a)(1) ("A tax . . . is hereby imposed . . . on the transfer of property by gift."). Section 2512(a) provides: "[i]f the gift is made in property, the value thereof at the date of the gift shall be considered the amount of the gift." I.R.C. § 2512(a). Section 2512(b) of the tax code provides that: "[w]here property is transferred for less than an adequate and full consideration in money or money's worth, then the amount by which the value of the property exceeded the value of the consideration shall be deemed a gift." I.R.C. § 2512(b). Consequently, under I.R.C. §§ 2501(a)(1), 2512(b), the IRS assesses a gift tax when the value of property transferred exceeds the value of the consideration received. *See generally Commissioner v. Wemyss*, 324 U.S. 303, 306, 65 S.Ct. 652, 654, 89 L.Ed. 958 (1945) (observing that IRS may tax as a gift the difference in value between property transferred and inadequate consideration received in return). Under settled precedent, the IRS may determine for gift tax valuation purposes the amount by which the fair market value of property exceeds the value of an installment sales contract by examining the face value of the contract, the interest rate, the prevailing market interest rate, and the length of the contract. *E.g., Blackburn v. Commissioner*, 20 T.C. 204, 207, 1953 WL 229 (1953). Pursuant to §§ 2501, 2512 the IRS may impose a gift tax when the value of property transferred by a taxpayer exceeds the present value of a promissory note that bears a below market interest rate. *Id.* at 206–07.

## C.

The conflict in the instant case presents a narrow issue based upon the tax code sections summarized above. A taxpayer who uses the safe harbor interest rate in an installment sales contract prevents the IRS from applying § 483(a) to recharacterize portions of payments as interest. We must decide, however, whether the safe harbor

interest rate prevents the IRS from discounting the present value of the same sales contract to reflect the higher prevailing market interest rate for gift tax valuation purposes.[2] Taxpayers urge that we answer in the affirmative.

The two circuits that have addressed this issue are in conflict. In *Ballard v. Commissioner*, 854 F.2d 185 (7th Cir.1988), the Seventh Circuit ruled that an installment sales contract that provided interest at the safe harbor rate was immune from operation of both § 483(a) and § 2512(b). The taxpayer in *Ballard* sold the family farm to her children under a contract bearing interest at the six percent safe harbor rate. The prevailing market interest rate, however, was eighteen percent. The IRS notified the taxpayer that she owed gift taxes because the value of the farm exceeded the present value of the contract, discounted by the prevailing market interest rate. *Ballard*, 854 F.2d at 186–87.

The taxpayer appealed the notice of the deficiency to the United States Tax Court, arguing that I.R.C. § 483 provided a safe harbor that permitted her to charge a six percent interest rate on an installment sales contract without suffering adverse income or gift tax consequences. The taxpayer contended that the introductory language of § 483(a) states that it applies to all provisions of the tax code, including by definition the gift tax provisions. Because § 483(a) applies to all provisions of the code, the taxpayer maintained that by using the six percent safe harbor rate in an installment sales contract, she prevented the IRS from using the prevailing eighteen percent market rate to determine the present value of the installment contract for gift tax purposes. The tax court affirmed the IRS' use of the eighteen percent market rate to determine the present discounted value of the sales contract, and held that § 483 was irrelevant to gift tax valuation. *Id.* at 187.

On appeal, the Seventh Circuit reversed the Tax Court and ruled that I.R.C. § 483 applied to all provisions of the tax code, including income and gift tax provisions. *Id.*

---

**2.** We note that Taxpayers and the United States stipulated that the $7,954,046.60 face value of the promissory notes equaled the fair market value of the stock transferred. Consequently, the only dispute concerns the interest rate used in the transaction.

at 188–89. Further, the court observed that neither the plain language of I.R.C. § 483 nor the legislative history suggested that the provision did not apply to gift taxes. *Id.* at 188. Without identifying the precise statutory support for its ruling, the court concluded that the taxpayer's use of the I.R.C. § 483 safe harbor interest rate precluded the IRS from using the eighteen percent market rate to discount the present value of the installment contract for gift tax purposes. *Id.* at 189. Under the Seventh Circuit's ruling in *Ballard,* therefore, in addition to providing a safe harbor from operation of § 483(a), the six percent interest rate constitutes a safe harbor from imposition of gift taxes under § 2512(b) as well.

In *Krabbenhoft v. Commissioner,* 939 F.2d 529 (8th Cir.1991), *cert. denied,* 502 U.S. 1072, 112 S.Ct. 967, 117 L.Ed.2d 133 (1992), the Eighth Circuit rejected the Seventh Circuit's reasoning in *Ballard* and ruled that I.R.C. § 483 is irrelevant to the valuation of an installment sales contract for gift tax purposes. The taxpayers in *Krabbenhoft* sold the family farm to their sons by means of a contract for deed payable at the six percent safe harbor rate. The prevailing market interest rate, however, was eleven percent. The IRS notified the taxpayers that they owed a deficiency in gift taxes on the amount by which the value of the farm exceeded the present value of the contract for deed discounted by the prevailing market rate of eleven percent. *Krabbenhoft,* 939 F.2d at 530.

The taxpayers petitioned the United States Tax Court for review, arguing that because § 483(a) states it applies "[f]or purposes of this title," the IRS may not determine that the contractual interest was insufficient for gift tax purposes when the interest (the safe harbor rate) was sufficient for purposes of § 483. The tax court upheld the gift tax assessment, *Krabbenhoft v. Commissioner,* 94 T.C. 887, 1990 WL 83350 (1990), *aff'd,* 939 F.2d 529 (8th Cir.1991), *cert. denied,* 502 U.S. 1072, 112 S.Ct. 967, 117 L.Ed.2d 133 (1992), and the taxpayers appealed.

On appeal, the Eighth Circuit ruled that because § 483 was irrelevant to the valuation of an installment sales contract for gift tax purposes, § 483 does not control the interest rate at which the IRS must determine the present value of an installment sales contract. *Krabbenhoft,* 939 F.2d at 533. The court initially observed that § 483 applies to the entire tax code because the section begins "[f]or purposes of this title." The Eighth Circuit noted, however, that the fact that § 483 applies to the entire tax code does not make the section relevant to § 2512(b). "The flaw in this argument is the assumption that § 483 is relevant to the determination of present value for gift tax purposes." *Id.* at 532. In its analysis, the Eighth Circuit quoted the tax court's opinion from which the taxpayers appealed:

> We agree that the prefatory language of section 483 is unambiguous, and that section 483 therefore applies to all sections of the Code to which it is relevant. However, we find nothing in the language of section 483 that indicates that this section has anything to do with valuation. The section merely characterizes payments as principal or interest, while gift tax valuation is concerned with the value of all payments, whether of principal or of interest. The character of a payment does not affect its value for gift tax purposes.

*Id.* (quoting *Krabbenhoft,* 94 T.C. at 890). Because the character of a payment under I.R.C. § 483—*i.e.,* principal or interest—does not affect the overall value of the obligation for gift tax purposes under I.R.C. § 2512, the Eighth Circuit held that "§ 483 is not relevant to the gift tax statute." *Id.* Instead, the court explained that use of the I.R.C. § 483 safe harbor interest rate in an installment contract prevents the IRS from recharacterizing certain payments as principal or interest and protects the taxpayers from adverse income tax liability, but does not protect taxpayers from adverse gift tax liability by preventing the IRS from employing the prevailing market rate of interest to discount the present value of the contract for gift tax purposes. *Id.* at 532–33. Consequently, the Eighth Circuit rejected *Ballard* and held that "§ 483 does not limit the interest rate the Commissioner can use in valuing an installment contract for gift tax purposes be-

cause § 483 is simply irrelevant to such a determination." *Id.* at 533.

## II.

In the instant appeal, Taxpayers argue that we should follow the Seventh Circuit's reasoning in *Ballard* and reject the Eighth Circuit's analysis in *Krabbenhoft.* Taxpayers essentially contend that because § 483(a) applies "[f]or purposes of this title," the IRS may not determine that interest sufficient for § 483 is insufficient for gift tax purposes. Taxpayers maintain that § 483 operates to prevent the IRS from imputing additional interest to a sales contract under any section of the tax code if the contract provides interest at the minimum safe harbor level under § 483. Because the promissory notes used as consideration for the stock transfer in the instant case bore interest at the six percent safe harbor rate, Taxpayers contend we should reverse the district court and remand with instructions to enter summary judgment in favor of Taxpayers.

■■■ We first note that we agree with the Seventh and Eighth Circuits that I.R.C. § 483 applies to the entire tax code because the section begins "[f]or purposes of this title." I.R.C. § 483(a); *see also Krabbenhoft,* 939 F.2d at 532; *Ballard,* 854 F.2d at 188–89. Because the Eighth Circuit's analysis is founded on the plain language of § 483, we agree with its conclusion that the safe harbor interest rate referenced in I.R.C. § 483(c)(1)(B) and specified in Treas.Reg. § 1.483–1(d)(1)(ii)(B) is irrelevant to gift tax valuation under I.R.C. § 2512. *See Krabbenhoft,* 939 F.2d at 532–33. We therefore decline to adopt the Seventh Circuit's interpretation that § 483 limits the interest rate the IRS may use in valuing an installment sales contract for gift tax purposes. *See Ballard,* 854 F.2d at 188–89.

Examining the plain language of the statute and giving effect to its meaning, *Johns,* 57 F.3d at 1555–56, we find that § 483 establishes, for purposes of the entire tax code, whether payments under an installment sales

contract contain interest hidden as principal. The text of § 483 is clear—payments under a contract for sale or exchange of property that pay interest at less than the safe harbor rate contain "total unstated interest." I.R.C. § 483(c). Contract payments containing "total unstated interest" are subject to § 483(a). *Id.* Section 483(a) operates via a ratio-based formula to designate a portion of each contract payment as interest. *Id.* § 483(a). Unless a contract for sale or exchange of property charges sufficient interest (the safe harbor rate), I.R.C. § 483(a) imputes additional interest to the contract. *Id.* Section 483, therefore, prevents taxpayers from hiding interest (taxed as income) as principal (taxed as capital gains).

Contrary to Taxpayers' arguments, I.R.C. § 483 does not state that the interest rate referenced in § 483(c) and specified in Treas. Reg. § 1.483–1(d)(1)(ii)(B) shall be deemed sufficient for purposes of all other sections of the tax code. The safe harbor interest rate only prevents the IRS from using § 483(a) to manipulate the ratio of principal to interest in each contract payment. Thus, we agree with the Eighth Circuit that " 'section [483] merely characterizes payments as principal or interest, while gift tax valuation is concerned with the value of all payments, whether of principal or interest.' " *Krabbenhoft,* 939 F.2d at 532 (quoting 94 T.C. at 890).

■■■ Consequently, although the safe harbor rate insulates a taxpayer from the adverse income tax effects of § 483(a), we find nothing in § 483 that indicates that the safe harbor rate insulates a taxpayer from the adverse gift tax effects of § 2512. We therefore reject Taxpayers' contention that the language "[f]or purposes of this title" means that the IRS may not determine that a sales contract bears insufficient interest for gift tax purposes if the contract bears interest at the safe harbor rate. We conclude that § 483 does not determine the interest rate at which the IRS must value an installment sales contract for gift tax purposes under § 2512.[3] *See Krabbenhoft,* 939 F.2d at 533 ("[Section] 483 does not limit the interest

---

**3.** Taxpayers support their argument with regulations proposed by the IRS nearly a decade ago which have never been adopted, and commentary published in professional journals. *See*

Prop.Treas.Reg. §§ 25.2512–8, 1.1012–2(b), 1.483–2, 1.483–4(b)(2)(ii), 51 Fed.Reg. 12022, 12037–40, 12098 (1986); Elliott Manning & Jerome M. Hesch, *Intrafamily Sales and OID Safe*

rate the Commissioner can use in valuing an installment sales contract for gift tax purposes because § 483 is simply irrelevant to such a determination.").

We examine the transaction in the instant case informed by our interpretation of § 483. Taxpayers transferred stock to the Trusts in exchange for promissory notes payable at the six percent safe harbor rate. By so doing, Taxpayers insulated themselves from adverse income tax consequences under § 483(a). That is, because the notes bore interest at the safe harbor rate referenced in § 483(c), the IRS may not employ § 483(a) to designate a portion of the principal as interest. *See* I.R.C. § 483(a), (c). For purposes of the entire tax code, therefore, the notes do not contain interest hidden as principal. *Id.*

Section 483, however, does not establish the value of the notes for gift tax purposes. Instead, settled gift tax provisions control this determination. Section 2512(b) provides that "[w]here property is transferred for less than an adequate and full consideration in money ... the amount by which the value of the property exceeded the value of the consideration shall be deemed a gift." Because the notes bore interest below the market rate, the present value of the notes was less than the principal amount. Under § 2512(b), therefore, Taxpayers made a gift to the trusts consisting of the difference between the value of the stock and the present discounted value of the promissory notes. The IRS was entitled to tax this amount as a gift under § 2501(a)(1).

In sum, we hold that although the promissory notes bore interest at the § 483 safe harbor rate, the IRS was entitled under § 2512 to determine the discounted present value of the notes using the prevailing market interest rate. Accordingly, we AFFIRM the district court's order granting summary judgment in favor of Defendant United States.

---

*Harbors: Transfer Tax Anomalies,* 17 Tax Mgmt. Est., Gifts & Tr.J. 131 (1992); Andrew R. Henderson, *Using the Imputed Interest Safe Harbor for Intrafamily Installment Sales,* 74 J.Tax'n 100 (1991). We find these sources unpersuasive to the extent they conflict with the plain language of I.R.C. §§ 483, 2512.