UNITED STATES COURT OF APPEALS

**Filed 7/10/96**

TENTH CIRCUIT

ERSKINE C. RAGLAND,

      Plaintiff-Appellant,

v.

PATRICK J. SULLIVAN, JR., Jane
Doe (1), Jane Doe (2), John Doe (1),
Jane Doe (3), John Doe (2)
individually and in their official
capacities,

      Defendant-Appellee.

No. 96-1043
(Dist. of CO)
(D.C. No. 93-D-1529)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **BARRETT**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

this appeal.  *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  This case is therefore ordered submitted without oral argument.

Plaintiff Erskine Ragland appeals the district court's grant of summary judgment on his civil rights action brought pursuant to 42 U.S.C. § 1983. Plaintiff alleged that defendants' failure to prevent him from attempting suicide while he was a prisoner at the Arapahoe County Detention Facility (ACDF) violated his rights under the Eighth and Fourteenth Amendments.  On appeal, plaintiff argues that a genuine issue of material fact exists with respect to the circumstances surrounding his suicide attempt; that the district court failed to address his argument that defendant Robert Sullivan, Arapahoe County Sheriff, was liable in his official capacity for the policies of ACDF; that the district court failed to apply the summary judgment standard properly; and that the district court's grant of summary judgment was inconsistent with its order of July 21, 1994.

This court reviews the district court's entry of summary judgment *de novo*. *Schusterman v. United States*, 63 F.3d 986, 989 (10th Cir. 1995), *cert. denied*, 64 U.S.L.W. 3778 (U.S. May 20, 1996).  Summary judgment should be denied "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Moreover, "[o]nly disputes over facts that might affect the outcome of the suit under the

governing laws will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

Plaintiff first argues that a genuine issue of material fact exists with respect to the circumstances surrounding his suicide attempt. Specifically, plaintiff asserts shortly before his suicide attempt he told the nurse on duty, "I have acute depression, anxiety attacks, suicidal ideation . . . I'm suicidal." Plaintiff further contends the deputy on duty overheard this statement and that he told the deputy, "I feel I am going to hurt myself." Plaintiff argues that a genuine issue of material fact exists as to the circumstances surrounding his suicide attempt because the affidavit of the deputy on duty indicates plaintiff told her only that he would hurt himself if he did not receive the medication he requested.

To succeed on his claim under § 1983, plaintiff must demonstrate defendants' actions violated the "deliberate indifference to serious medical needs" standard of *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Under this standard, an inadvertent failure to provide adequate medical care will not support an action. *Id.* at 105-06.

As a threshold matter, the court grants plaintiff's motion to correct the record under Rule 10(e) of the Federal Rules of Appellate Procedure. Upon careful review of the record as modified, the court concludes that while an issue of fact may exist with respect to what plaintiff told the nurse and deputy on duty

shortly before his suicide attempt, summary judgment is nevertheless appropriate because that factual dispute is not one which will affect the outcome of the suit. Assuming plaintiff told the nurse and deputy on duty, "I have acute depression, anxiety attacks, suicidal ideation . . . I'm suicidal," and, "I feel I am going to hurt myself," plaintiff has nevertheless failed to present evidence from which a reasonable jury could return a verdict in his favor.

Specifically, the record indicates that prior to his suicide attempt plaintiff had recently received extensive psychiatric evaluation, lasting more than one month, at the Colorado Mental Health Institute (CMHI). Based on this extended evaluation, plaintiff was diagnosed with "malingering psychosis" and ordered off all medications. The physician's notes provided to ACDF officials indicate that plaintiff's malingering psychosis and depression represented attempts to manipulate his doctors in order to obtain medication and affect the legal charges against him. Under these circumstances, defendants' refusal to provide plaintiff with a psychiatrist and medication on demand, after first checking his records, falls short of the "deliberate indifference" contemplated by the Court in *Estelle*.

Because plaintiff has failed to create a genuine issue of material fact with respect to whether ACDF officials acted with deliberate indifference to his serious medical needs, it is unnecessary for this court to reach plaintiff's argument that the district court failed to address his claim that Sheriff Sullivan

was liable in his official capacity for the policies of ACDF. With respect to plaintiff's arguments that the district court failed to apply the summary judgment standard properly and that the court's grant of summary judgment was inconsistent with its order of July 21, 1994, plaintiff's contentions are based on a misunderstanding of the difference between a motion to dismiss for failure to state a claim upon which relief can be granted and a motion for summary judgment. Although plaintiff's complaint stated a claim, plaintiff nevertheless failed to present facts from which a reasonable jury could return a verdict in his favor.

For the foregoing reasons, the judgment of the United States District Court for the District of Colorado is **AFFIRMED.** The mandate shall issue forthwith.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge