**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 7 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ROBERT LAMPKIN,

      Plaintiff-Appellant,

v.

JIM LITTLE, individually and as
commissioned officer of Okmulgee
County; OKMULGEE COUNTY
BOARD OF COMMISSIONERS, State
of Oklahoma, a/k/a Board of County
Commissioners of Okmulgee County,
Oklahoma,

      Defendants-Appellees.

No. 03-7000
(D.C. No. 96-CV-500-P)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** [*]

---

Before **MURPHY** , **HARTZ** , and **McCONNELL** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

this appeal. <u>See</u> Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Robert Lampkin prevailed in a jury trial against defendant Jim Little in his individual capacity in this 42 U.S.C. § 1983 action alleging excessive force. After judgment was entered, Little sought indemnification from the County pursuant to the Oklahoma Governmental Tort Claims Act (GTCA), Okla. Stat. tit. 51, §§ 151-200 . The district court denied the application, holding that Little had not met the statutory prerequisites to qualify for indemnification.

On appeal, this court reversed and remanded for a new factual determination, holding that the district court had not properly made the good faith and scope-of-employment findings required under the Oklahoma indemnification statute. <u>See</u> <u>Lampkin v. Little</u>, 286 F.3d 1206, 1214 (10th Cir. 2002) (citing § 162). On remand, Little withdrew his application. Lampkin then filed a motion seeking to be substituted for Little as the real party in interest, thus permitting him to pursue the indemnification application. The district court denied the motion holding Lampkin lacked standing to pursue the application. Lampkin appeals. We affirm.

We review de novo the district court's rulings with respect to state law. <u>Salve Regina Coll. v. Russell</u>, 499 U.S. 225, 231 (1991). As the state court has

not addressed the issue presented here, "our task is to predict how that court would rule on the issue." Lampkin, 286 F.3d at 1210.

We first look to the language of the GTCA itself to determine whether Lampkin has standing to pursue the indemnification application as the real party in interest. "In statutory interpretation we look to the plain language of the statute and give effect to its meaning." Schusterman v. United States, 63 F.3d 986, 989 (10th Cir. 1995). If a statute's "language is clear and unambiguous, the plain meaning of the statute reflects the legislative intent and no further construction is required or permitted." Sullins v. Am. Med. Response of Okla., Inc., 23 P.3d 259, 263 (Okla. 2001).

Examining the "design of the [GTCA] as a whole," Center For Legal Advocacy v. Hammons, 323 F.3d 1262, 1267 (10th Cir. 2003), we conclude that it is not ambiguous. The GTCA provides that a county[1] "shall"[2] be liable for awards made to prevailing plaintiffs for torts committed by its employees if they were acting within the scope of their employment. Id. § 153.A. Specifically,

---

[1] The statute uses the term "political subdivision." Section 152.8 defines "political subdivision" to include counties.

[2] Although the statute uses the word "shall," this use does not activate a mandatory scheme set in motion with the entry of judgment for a plaintiff. As explained infra, an employee who has been found liable may apply for indemnification. Only after the employee has applied and been found by the court to meet the statutory parameters of "acting in good faith" and "within the scope of employment," does the mandatory aspect of the statute commence.

§ 162.A.2 states that the county shall pay any judgment entered against an employee in federal court "for a violation of . . . any rights, privileges or immunities secured by the Constitution or laws of the United States which occurred while the employee was acting within the scope of employment."

A "political subdivision shall *not* be required to indemnify any employee . . . , unless the employee is judicially determined to be entitled to such indemnification and a final judgment therefor is entered. . . ." Section 162.B.1 (emphasis added). Section 162.B.3 further elucidates that

> [a]ll applications for indemnification from . . . a political subdivision shall be filed in the name of the real party or parties in interest,[3] and *in no event shall any application be presented nor recovery made under the right of subrogation. . . . The employee of . . . a political subdivision must file an application for indemnification within thirty (30) days of final judgment, or the right to seek indemnification shall be lost forever.*

Id. (emphasis added).

Lampkin posits that he can be substituted for Little as the real party in interest. Thus, the issue is whether Lampkin's action is actually one seeking substitution as the real party in interest in an indemnification context, as he

---

3   Lampkin makes much of the fact that § 162.B.3 uses the phrase "real party *or parties* in interest." (Emphasis added.) He contends this wording proves that the prevailing plaintiff is also authorized to seek indemnification from the political entity. The plain meaning of the statute upholds the meaning of the phrase "or parties" to refer to multiple defendants, not to substituted parties.

argues, or whether he is seeking to be subrogated[4] to Little's right to indemnification, as the county argues, and the statute prohibits.

To determine whether Lampkin is seeking subrogation or substitution, we look at the purpose of § 162. Section 162 "aims to lessen the burdens of personal liability that employees may face as a result of their acts as employees." Lampkin, 286 F.3d at 1212. Accordingly, the *primary* purpose of § 162 is not to ensure that a wronged plaintiff is compensated, but to relieve an employee of the burden of paying a judgment should he meet the statutory prerequisites.[5] Little sought indemnification, not the awarded monetary judgment. Lampkin, however, is seeking to be subrogated to what he perceives as Little's claim to the actual

---

[4]     Oklahoma defines subrogation as "[t]he substitution of one person in the place of another with reference to a lawful claim . . . so that he who is substituted succeeds to the rights of the other in relation to the . . . claim . . . ." Hardware Dealers Mut. Fire Ins. Co. v. Krueger, 486 P.2d 737, 738 (Okla. 1971) (quotations omitted), overruled on other grounds by Aetna Cas. & Sur. Co. v. Assocs. Transps., Inc., 512 P.2d 137, 141 (Okla. 1973).

[5]     Before granting an application for indemnification, the court must find, among other things, that:

the employee, in committing the acts or omissions upon which a judgment or settlement has been rendered was acting in good faith and within any applicable written administrative policies known to the employee at the time of the omissions or acts alleged; [and]

the employee was acting within the scope of employment at the time that the acts or omissions upon which a judgment or settlement has been rendered were committed by the employee."

Section 162.B.4(c)-(d).

funds awarded. Little has no right to the funds. If the court were to approve indemnification, the award would be paid directly to Lampkin. If the court were to disapprove the application, Lampkin would have no right to seek payment from the county, but rather would have to proceed against Little. The County is not the insurer of the judgment. In fact, the County "can only be required to indemnify an employee for a judgment if the court determine[s] by a preponderance of the evidence that [all of the statutory requirements are satisfied]." Lampkin, 286 F.3d at 1210 (quotation omitted).

Analogously, Oklahoma prohibits a third-party beneficiary from seeking to enforce a contract between others on his own behalf, "unless it clearly appears that the contract was made expressly for his benefit; and the fact that he will be incidentally benefitted by performance of the contract is insufficient." Neal v. Neal, 250 F.2d 885, 890 (10th Cir. 19 57). The indemnification statute was passed primarily for the benefit of the employee. The prevailing plaintiff is the incidental beneficiary of the statute, and therefore, he is not entitled to require the county to indemnify the employee.

In enacting the GTCA, the state decided to help qualified employees meet their obligation to pay the jury's award. Lampkin, 286 F.3d at 1212. The state has no constitutional or statutory obligation to ensure that a prevailing plaintiff receives the jury's award. The employee has the option of applying for

-6-

indemnification.  Regardless of whether the employee applies for, or receives indemnification, the employee's obligation to the prevailing plaintiff remains. The prevailing plaintiff, here, Lampkin, cannot invoke the GTCA on his own behalf.  Thus, we agree with the district court that Lampkin does not have standing to pursue Little's application on his own behalf.

The judgment of the district court is AFFIRMED.


Entered for the Court


Michael R. Murphy
Circuit Judge