FILED
United States Court of Appeals
Tenth Circuit

February 16, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

MILO A. JONES,

        Plaintiff-Appellant,

v.

JUSTIN COURTNEY,

        Defendant-Appellee.

No. 11-3272
(D.C. No. 5:04-CV-03255-JWL)
(D. Kan.)

---

ORDER AND JUDGMENT[*]

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

---

Milo A. Jones is a Kansas state prisoner who won a default judgment against

Justin Courtney, an erstwhile correctional officer at the El Dorado Correctional Facility in

El Dorado, Kansas. Unable to find Mr. Courtney and enforce the judgment against him,

Mr. Jones filed a motion seeking to hold Mr. Courtney's employer, the Kansas

Department of Corrections ("KDOC"), liable for the judgment under the Kansas Tort

---

[*]    This Order and Judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Federal Rule of Appellate Procedure
32.1 and Tenth Circuit Rule 32.1.

    After examining the appellate record, this three-judge panel determined
unanimously that oral argument would not be of material assistance in the determination
of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

Claims Act ("KTCA"), Kan. Stat. Ann. §§ 75-6101–75-6120. The district court rebuffed that attempt on the ground that the KTCA does not permit the enforcement of a judgment against KDOC, a non-party. Mr. Jones, proceeding pro se,[1] appeals to us.

Because KDOC is an agency of the State of Kansas, and because Kansas retains its Eleventh Amendment immunity under the KTCA, the federal courts are without power to consider the merits of Mr. Jones's motion. We therefore dismiss Mr. Jones's appeal and remand with instructions to the district court to vacate its judgment and deny the motion on jurisdictional grounds.

## I. BACKGROUND

In 2004, while incarcerated at Kansas's El Dorado Correctional Facility, Mr. Jones initiated a civil-rights action under 42 U.S.C. § 1983, alleging that Mr. Courtney, a correctional officer there, used excessive force against him in violation of his Eighth and Fourteenth Amendment rights. Mr. Courtney never appeared to defend himself and ignored all subpoenas and discovery requests. A default judgment was entered against him, and Mr. Jones was awarded $20,000 in compensatory damages, $20,000 in punitive damages, and $15,704.64 in attorneys' fees. Thus far, however, that award has proved to be only theoretical for Mr. Jones because Mr. Courtney cannot be located and has not tendered a single payment on the judgment.

---

[1] Because he is a pro se litigant, Mr. Jones's filings are entitled to a solicitous construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

Hoping for recompense, Mr. Jones moved the district court under Federal Rule of Civil Procedure 69(a) for a hearing in aid of execution of the judgment, seeking to compel the appearance of a representative of the El Dorado Correctional Facility. Mr. Jones's theory was that KDOC, as Mr. Courtney's employer, was liable for the judgment. In support, he pointed to two provisions of the KTCA. The first, known as the indemnity provision, provides that "a governmental entity is liable, and shall indemnify its employees against damages, for injury or damage proximately caused by an act or omission of an employee while acting within the scope of his or her employment." Kan. Stat. Ann. § 75-6109. The second provision cited by Mr. Jones was § 75-6116, which requires a governmental entity to pay "any judgment" secured against an employee in his official or individual capacity if the employee "violates the civil rights laws of the United States" and if other conditions are met. *See id.* § 75-6116(a)–(b). According to Mr. Jones, these KTCA provisions allowed him to seek satisfaction of the judgment directly from KDOC.

The magistrate judge thought that Mr. Jones had presented a "colorable argument" that KDOC was liable for the judgment against Mr. Courtney. R., Vol. 2, at 71 (Order, filed July 14, 2011). He stated, however, that he could not find "any case in which a prevailing plaintiff has been permitted to use the KTCA to recover a judgment directly from a non-party state entity." *Id.* Relying on two decisions of this court—*Smith v. Cummings*, 445 F.3d 1254 (10th Cir. 2006), and *Lampkin v. Little*, 85 F. App'x 167 (10th Cir. 2004) (non-precedential)—the magistrate judge ultimately concluded that Mr.

-3-

Jones's attempt to enforce the judgment directly against KDOC was not permitted and that his motion for a hearing should be denied.[2] The district court adopted and affirmed those conclusions, and Mr. Jones has appealed.

We agree that Mr. Jones's motion should be denied, but we rest our conclusion on a different ground—namely, that as a jurisdictional matter, the Eleventh Amendment prohibits the federal courts from even considering the merits of the motion, much less granting relief on it.

---

[2] In *Smith*, we summarily rejected the argument that KDOC was liable for a judgment secured against a KDOC employee in his individual capacity, stating, "[T]he department is not a party, so no judgment could be entered against it." 445 F.3d at 1259.

In *Lampkin*, the plaintiff Robert Lampkin secured a judgment under § 1983 against Oklahoma police officer Jim Little in his individual capacity. 85 F. App'x at 168. In federal district court, Mr. Little applied for indemnification from his employer, Okmulgee County, pursuant to the Oklahoma Governmental Tort Claims Act ("OGTCA"), Okla. Stat. tit. 51, §§ 151–200. *Id.* He later withdrew that application, but Mr. Lampkin sought to be substituted for him as the real party in interest. *Id.* The district court denied the motion, and a panel of this court affirmed. *Id.* The panel rested its conclusion primarily on specific language in the OGTCA providing that "in no event shall . . . recovery [be] made under the right of subrogation." *Id.* at 169 (quoting Okla. Stat. tit. 51, § 162.B.3) (internal quotation marks omitted). It reasoned that Mr. Lampkin was "seeking to be subrogated to what he perceives as [Mr.] Little's claim to the actual funds awarded" and found that this was prohibited by the statute. *See id.* at 170. The panel buttressed its conclusion by reference to the purpose of the OGTCA's indemnification provision, which it said was promulgated for the benefit of public employees, not tort victims, and was designed "to lessen the burdens of personal liability that employees may face as a result of their acts as employees," *id.* at 169 (quoting *Lampkin v. Little*, 286 F.3d 1206, 1212 (10th Cir. 2002)) (internal quotation marks omitted), not to make the government employer "the insurer of the judgment," *id.* at 170.

-4-

## II. DISCUSSION

"The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state." *Wagoner Cnty. Rural Water Dist. No. 2. v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009). While the amendment's literal terms bar only federal-court lawsuits against a State by "Citizens of *another* State" or by foreigners, U.S. Const. amend. XI (emphasis added), it has long been established that a State's own citizens are likewise prohibited from haling the State into federal court. *See Hans v. Louisiana*, 134 U.S. 1, 10–11 (1890); *see also Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007) ("[The Eleventh Amendment] applies to any action brought against a state in federal court, including suits initiated by a state's own citizens."). Only waiver by the State or a valid abrogation by Congress are sufficient to remove the shield of Eleventh Amendment immunity. *See Va. Office for Prot. & Advocacy v. Stewart*, 131 S. Ct. 1632, 1638 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (footnote omitted) (citation omitted)).

The Supreme Court has characterized the Eleventh Amendment defense as "partak[ing] of the nature of a jurisdictional bar," *Fla. Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 683 n.18 (1982) (quoting *Edelman v. Jordan*, 415 U.S. 651, 678 (1974)) (internal quotation marks omitted), meaning that the defense "may be raised at

-5-

any point of the proceedings," *id.*, and "even on appeal for the first time," *United States ex rel. Burlbaw v. Orenduff*, 548 F.3d 931, 942 (10th Cir. 2008).  Where it applies, the Eleventh Amendment "deprives federal courts of . . . jurisdiction."  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 n.8 (1984); *accord Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1231 (10th Cir. 1999) ("The Eleventh Amendment declares a policy and sets forth an explicit limitation on federal jurisdictional power . . . ." (quoting *Ford Motor Co. v. Dep't of Treasury of Ind.*, 323 U.S. 459, 467 (1945)) (internal quotation marks omitted)).  While we are not obligated to raise an issue of Eleventh Amendment immunity sua sponte, we may do so in our discretion, *see Orenduff*, 548 F.3d at 942; *Nelson v. Geringer*, 295 F.3d 1082, 1098 n.16 (10th Cir. 2002) ("[J]udicial consideration of Eleventh Amendment issues sua sponte is discretionary, not mandatory."), and that is the course we follow here.[3]

The paradigmatic case for Eleventh Amendment immunity is "a suit in which the State or one of its agencies or departments is named as the defendant."  *Pennhurst*, 465 U.S. at 100.  But the amendment casts a wider net than that.  When the State, though not the nominal defendant, is the "real, substantial party in interest," *id.* at 101 (quoting *Ford Motor*, 323 U.S. at 464), the suit may not proceed unconsented.  Hence the "general rule" that "if the judgment sought would expend itself on the public treasury or domain," the

---

[3]     In contrast to sua sponte consideration, if a state affirmatively raises an Eleventh Amendment immunity defense, we are required to address the defense as a "threshold jurisdictional matter."  *Orenduff*, 548 F.3d at 942.

suit is one "against the sovereign," regardless of how it is pleaded. *Id.* at 101 n.11 (quoting *Dugan v. Rank*, 372 U.S. 609, 620 (1963)) (internal quotation marks omitted). As an example, retroactive monetary relief sought nominally against a state official "is in fact against the sovereign if the decree would operate against the latter." *Id.* at 101 (quoting *Hawaii v. Gordon*, 373 U.S. 57, 58 (1963) (per curiam)) (internal quotation marks omitted). The operative consideration is whether the claimant is "seeking to impose a liability which must be paid from public funds in the state treasury." *Edelman*, 415 U.S. at 663. If so, the claim is barred. *Id.*

In this case, Mr. Jones seeks to compel the appearance of a KDOC official at a Rule 69(a) hearing on the theory that KDOC must answer for the judgment against its former employee, Mr. Courtney. As support, Mr. Jones points to provisions of the KTCA requiring governmental entities to indemnify their employees and to pay judgments entered against them. *See* Kan. Stat. Ann. §§ 75-6109, -6116. We hold that the federal courts' consideration of the merits of this motion is foreclosed by the Eleventh Amendment.

## A.

In the first place, we have no trouble concluding that KDOC is an agency or department of the State of Kansas. *Vinson v. McKune*, 960 P.2d 222, 226 (Kan. 1998) ("[T]he Department of Corrections is a state agency . . . ."); *Garner v. Nelson*, 963 P.2d 1242, 1245 (Kan. Ct. App. 1998) ("The Kansas Department of Corrections is a state agency."); *Love v. Hayden*, 757 F. Supp. 1209, 1212 (D. Kan. 1991) ("[T]he Kansas

Department of Corrections . . . is clearly a state entity."); *cf. Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (holding that a suit against the Alabama Board of Corrections was barred by the Eleventh Amendment); *Eastwood v. Dep't of Corr. of Okla.*, 846 F.2d 627, 631–32 (10th Cir. 1988) (concluding that the Oklahoma Department of Corrections is "an arm of the state" and entitled to Eleventh Amendment immunity).  And while Mr. Jones would have the district court compel the appearance of a KDOC official at a Rule 69(a) hearing, it is quite obvious that Mr. Jones seeks execution of the judgment against KDOC itself (that is, against KDOC *qua* state agency), not against the KDOC official in an individual capacity.  Thus, any decree by the district court ordering a KDOC official to satisfy the judgment would operate against the State's coffers and would "be paid from public funds in the state treasury." *Edelman*, 415 U.S. at 663.

We harbor no doubt, then, that the relief sought by Mr. Jones is relief "against the sovereign." *Pennhurst*, 465 U.S. at 101 (quoting *Gordon*, 373 U.S. at 58) (internal quotation marks omitted).  Although styled as a state-law claim for indemnification, his request is "tantamount to an award of damages for a past violation of federal law." *Papasan v. Allain*, 478 U.S. 265, 278 (1986); *see Oneida Cnty. v. Oneida Indian Nation of N.Y. State*, 470 U.S. 226, 251 (1985) (noting that an indemnification claim, "whether cast as a question of New York law or federal common law," was "a claim against the State for retroactive monetary relief" and was "barred by the Eleventh Amendment").  As such, his motion bumps squarely into the Eleventh Amendment immunity that Kansas enjoys in the federal courts.

That immunity, of course, is not absolute. The district court could entertain the merits of Mr. Jones's motion if Kansas has waived its immunity or if Congress has abrogated it. *See Stewart*, 131 S. Ct. at 1638. Neither, however, has occurred. First, with respect to abrogation, it has been settled law for over three decades that § 1983—the ultimate basis for Mr. Jones's claim in this case—does not abrogate the States' Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 338–40 (1979); *see Muscogee (Creek) Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 (10th Cir. 2010).

As for waiver, we recognize that Kansas "has consented to suit for damages under the Kansas Tort Claims Act." *Wendt v. Univ. of Kan. Med. Ctr.*, 59 P.3d 325, 335 (Kan. 2002) (quoting *Beck v. Kan. Adult Auth.*, 735 P.2d 222, 229 (Kan. 1987)) (internal quotation marks omitted). But the KTCA is not a waiver of *Eleventh Amendment* immunity. We know this because the statute tells us so, *see* Kan. Stat. Ann. § 75-6116(g) ("Nothing in this section or in the Kansas tort claims act shall be construed as a waiver by the state of Kansas of immunity from suit under the 11th amendment to the constitution of the United States."), and several decisions from the federal district court in Kansas reach the same conclusion, *Fox v. Wichita State Univ.*, 489 F. Supp. 2d 1216, 1233 (D. Kan. 2007) ("[T]he Kansas Legislature, by enacting the Kansas Tort Claims Act, has not waived the state's Eleventh Amendment immunity from suit in federal court."); *Klein v. Univ. of Kan. Med. Ctr.*, 975 F. Supp. 1408, 1416 (D. Kan. 1997) (same); *Ndefru v. Kan. State Univ.*, 814 F. Supp. 54, 55–56 (D. Kan. 1993) (same); *Billings v. Wichita State Univ.*, 557 F. Supp. 1348, 1351 (D. Kan. 1983) (same). As the Supreme Court has noted,

"[a] State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where*," *Pennhurst*, 465 U.S. at 99, and Kansas has decreed that claims for monetary relief against the State must be brought in state court, *see Ndefru*, 814 F. Supp. at 56 ("The [KTCA's] waiver of sovereign immunity extends only to suits in state court."). The federal courts are thus jurisdictionally barred from entertaining such claims. *See Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 306 (1990) ("A State does not waive its Eleventh Amendment immunity by consenting to suit only in its own courts . . . ."); *V-1 Oil Co. v. Utah State Dep't of Pub. Safety*, 131 F.3d 1415, 1421–22 (10th Cir. 1997) (concluding that while the Utah Governmental Immunity Act waived the State's sovereign immunity to suit in its own courts, the State retained its Eleventh Amendment immunity to suit in federal court, thus requiring dismissal of plaintiff's claim).

The upshot is that Kansas's Eleventh Amendment immunity is in full effect, and Mr. Jones cannot engage the gears of the federal judiciary in service of the relief he seeks. Whether KDOC is liable under the KTCA for the judgment against its former employee, Mr. Courtney, is a matter only the Kansas state courts can decide.

**B.**

We are buttressed in our conclusion by two cases from our sister circuits addressing the precise issue we confront today. The first is *In re Secretary of Department of Crime Control & Public Safety*, 7 F.3d 1140, 1142 (4th Cir. 1993), in which the plaintiff brought a § 1983 claim against a North Carolina highway patrolman in his individual capacity. A jury awarded the plaintiff damages, and judgment was entered, but

the defendant failed to satisfy it. *Id.* The plaintiff then sought a writ of execution pursuant to Rule 69(a) against the Secretary of the North Carolina Department of Public Safety and Crime Control, claiming that he (the plaintiff) was entitled to enforce the judgment against the Secretary. *Id.* at 1143. In support, he pointed to a state statute requiring the State to indemnify state employees against certain liabilities incurred in the course of their employment. *Id.* at 1142–43. The district court ordered the Secretary to pay a portion of the judgment, and the State appealed. *Id.* at 1143.

The Fourth Circuit reversed on Eleventh Amendment grounds. *See id.* at 1149. It found that "[t]he claim that [the plaintiff] seeks to assert against the Secretary here is a claim against the State itself for purposes of the Eleventh Amendment, as it is directed to the Secretary in his official capacity and asks him to pay out funds from the State treasury as retroactive relief for a past wrong." *Id.* at 1145. "As such," the court continued, "it is barred by the Eleventh Amendment, absent a showing that the State has waived its Eleventh Amendment immunity or that Congress has abrogated that immunity." *Id.* The court found that the State had not waived its immunity, noting that while the state statute requiring the State to pay judgments entered against its employees might be read as "waiving the State's immunity from suit in its own courts," it did not waive "the State's *Eleventh Amendment* immunity from suit in federal court." *Id.* at 1147. "[I]t is settled," the Fourth Circuit said, "that a State does not waive its Eleventh Amendment immunity merely by consenting to suit in its own courts." *Id.* (citing *Feeney*, 495 U.S. at 306). The court further found that Congress had not abrogated the State's immunity, noting that it

-11-

was also "settled" that § 1983 "does not effect such an abrogation." *Id.* at 1149 (citing

*Quern*, 440 U.S. at 342). The court concluded that "the district court lacked jurisdiction to

entertain [the plaintiff's] claim, much less to grant relief based on it." *Id.*

The second case anchoring our holding is *Ortiz-Feliciano v. Toledo-Davila*, 175

F.3d 37 (1st Cir. 1999). There, the plaintiffs were awarded damages in their

individual-capacity suit under § 1983 against various Puerto Rican law enforcement

officers. *Id.* at 39. When the defendants did not pay, the plaintiffs filed a motion

requesting the district court to order the Secretary of Justice to satisfy the judgment

against the defendants. *Id.* In support, the plaintiffs cited a Puerto Rican statute requiring

the Commonwealth of Puerto Rico to indemnify its employees under certain

circumstances for judgments entered against them. *Id.* The district court ruled that the

motion in effect sought payment of funds from the Commonwealth and that the Eleventh

Amendment barred such action in federal court. *Id.*[4]

The First Circuit affirmed. *Id.* It agreed that the plaintiffs' "motion in substance

seeks a money judgment against the Commonwealth" and that such a motion could

survive only if the Commonwealth had waived Eleventh Amendment immunity. *Id.* The

court concluded that no such waiver had occurred, rejecting the plaintiffs' argument that

---

[4]     "The Commonwealth of Puerto Rico is treated as a state for Eleventh
Amendment purposes." *Fresenius Med. Care Cardiovascular Res., Inc. v. P.R. &
Caribbean Cardiovascular Ctr. Corp.*, 322 F.3d 56, 61 (1st Cir. 2003); *see Ortiz-
Feliciano*, 175 F.3d at 39 ("[T]he Commonwealth is protected by the Eleventh
Amendment to the same extent as any state . . . ." (citing *Metcalf & Eddy, Inc. v. P.R.
Aqueduct & Sewer Auth.*, 991 F.2d 935, 939 n.3 (1st Cir. 1993))).

the indemnification statute constituted a waiver and stressing the statute's express reservation of sovereign immunity. *See id.* at 40 (quoting P.R. Laws Ann. tit. 32, § 3085, which states that the statute's indemnification provisions "shall not be construed . . . as a waiver of the sovereign immunity of the Commonwealth" (internal quotation marks omitted)).   The court also ruled that, although the Commonwealth had provided attorneys for the defendants in the underlying § 1983 action, it had "entered no appearance of its own," and that "providing legal aid to another is not a consent to be sued." *Id.* The plaintiffs' claim against the Commonwealth for enforcement of the judgment was therefore barred. *Id.*

Both of these cases are on all fours with the one before us, and we agree in full with the conclusions reached by the Fourth and First Circuits.  We note further that, as in *Ortiz-Feliciano*, the State of Kansas originally provided legal representation for Mr. Courtney in the underlying § 1983 action here, but it never entered an appearance of its own.  We agree with the First Circuit that this should not be construed as a waiver of the State's Eleventh Amendment immunity. *See also Richins v. Indus. Constr., Inc.*, 502 F.2d 1051, 1056 (10th Cir. 1974) (holding that a State retains Eleventh Amendment immunity "absent some extraordinarily effective waiver" and concluding that no such waiver occurred even when "attorney general of the state enter[ed] an appearance and litigat[ed] in the case").

We hold that Mr. Jones's Rule 69(a) motion in effect seeks payment of funds from the Kansas state treasury and as such is barred by the Eleventh Amendment.

Accordingly, both we and the district court "lack[] jurisdiction to entertain [his] claim, much less to grant relief based on it." *In re Sec'y*, 7 F.3d at 1149.

## III.  CONCLUSION

The district court ultimately denied Mr. Jones's motion for a hearing in aid of execution of the judgment.  It did so, however, after considering the merits of the motion and construing the KTCA not to permit relief directly against KDOC.  Because the Eleventh Amendment jurisdictionally bars our consideration of Mr. Jones's motion, we are constrained to **DISMISS** this appeal and **REMAND** to the district court with instructions to **VACATE** its judgment and **DENY** the motion without prejudice on jurisdictional grounds.  *See Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1133 (10th Cir. 2010) (similar disposition).

ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge

-14-