No. 113,270[1]

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MILO A. JONES,
*Appellant*,

v.

KANSAS DEPARTMENT OF CORRECTIONS and
KANSAS ATTORNEY GENERAL,
*Appellees.*

SYLLABUS BY THE COURT

1.

The Eleventh Amendment to the United States Constitution precludes suing a state in federal court for money that would be paid from the state treasury based on the past conduct of state officials. This is a form of sovereign immunity, under which the government cannot be sued without its consent.

2.

For some purposes, the State of Kansas has waived its sovereign immunity through the Kansas Tort Claims Act, K.S.A. 75-6101 *et seq.*, which generally makes Kansas governmental entities liable for damages caused by negligent and wrongful acts of their employees acting within the scope of their employment, K.S.A. 2015 Supp. 75-6103, and protects employees against financial liability for damages caused by their actions. K.S.A. 75-6109. But the State of Kansas has not waived its sovereign immunity under the Eleventh Amendment through the Kansas Tort Claims Act. See K.S.A. 75-6116(g).

3.

In this case, the plaintiff, a Kansas prison inmate, obtained a money judgment in federal court against a former prison guard for violation of the prisoner's federal civil rights. When the plaintiff couldn't collect that judgment because he couldn't locate the former guard or any of the guard's assets, he filed the federal judgment against the guard in Kansas state court and attempted to collect it against the guard's employer, the Kansas Department of Corrections. He cannot do so because the claim arose under federal law, Kansas was immune from suit in federal court for that claim, and Kansas has not waived its sovereign immunity.

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed February 26, 2016. Affirmed.

*Milo A. Jones*, appellant pro se.

*John Wesley Smith*, assistant attorney general, and *Derek Schmidt*, attorney general, for appellees.

Before MALONE, C.J., LEBEN and POWELL, JJ.

LEBEN, J.: Milo Jones, a Kansas prison inmate, obtained a money judgment in federal court against a former prison guard. Jones wasn't able to collect any of his judgment, though, because he wasn't able to locate the former guard or any of that guard's assets.

So Jones has tried to collect the judgment against the Kansas Department of Corrections, the state agency that had employed the guard. Jones first tried to do that in federal court, but his claim against the state agency was dismissed for lack of jurisdiction: The United States Court of Appeals for the Tenth Circuit held that the Eleventh Amendment to the United States Constitution prevented a federal court from entering a money judgment against the State for the past conduct of its employees. See *Jones v.*

2

*Courtney*, 466 Fed. Appx. 696 (10th Cir. 2012) (unpublished opinion) (dismissing claim against the State for lack of jurisdiction); *Jones v. Courtney*, No. 04-3255-JWL-DJW, 2007 WL 2893587 (D. Kan. 2007) (unpublished opinion) (granting judgment in favor of Jones and against former prison guard). After the federal court dismissed his claim against the State, Jones brought suit in the Kansas state court, again trying to collect his judgment against the Kansas Department of Corrections, a state agency.

The state district court also dismissed this claim for lack of jurisdiction, although it didn't explain the basis for its decision. While an explanation would have been helpful, the question is a purely legal one, so we must review it independently anyway, without any required deference to the district court. See *Frazier v. Goudschaal*, 296 Kan. 730, 743, 295 P.3d 542 (2013). The State of Kansas argues on appeal here that the district court correctly dismissed Jones' claim against it because the State has sovereign immunity against his claim under the Eleventh Amendment. Specifically determining whether the State is immune also presents a solely legal question, see *Cessna Aircraft Co. v. Metropolitan Topeka Airport Authority*, 23 Kan. App. 2d 1038, 1045-46, 940 P.2d 84, *rev. denied* 262 Kan. 959 (1997), and if it is immune, a court does not have jurisdiction to address the claim. See *Goldbarth v. Kansas State Board of Regents*, 269 Kan. 881, 894, 9 P.3d 1251 (2000); *Jones*, 466 Fed. Appx. at 698-99.

Jones' judgment against the prison guard came on a civil-rights claim under a federal statute, 42 U.S.C. § 1983 (2000). Neither the Kansas Department of Corrections nor the State of Kansas was a defendant in the federal lawsuit. In fact, they couldn't have been because the Eleventh Amendment precludes suing a state in federal court for money that would be paid from the state treasury based on the past conduct of state officials. See *Edelman v. Jordan*, 415 U.S. 651, 662-63, 94 S. Ct. 1347, 39 L. Ed. 2d 662 (1974); *Jones*, 466 Fed. Appx. at 698-701.

Even so, Jones argues that he can now collect the federal-court judgment against the State in *state* court. He contends that the State isn't immune because he brought his claim as one for mandamus, an action that compels an official to carry out a clearly defined duty. He also argues that the State has agreed in the Kansas Tort Claims Act to "indemnify its employees against damages . . . caused by an act or omission of an employee while acting within the scope of his or her employment." K.S.A. 75-6109. We disagree.

First, Jones isn't trying to get a public official to carry out some general duty of his or her job—he's trying to get the State to pay a money judgment obtained based on the past conduct of a state employee. That's exactly the sort of liability the State has immunity from under the Eleventh Amendment. See *Edelman*, 415 U.S. at 663 ("[A] suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment."); *Jones*, 466 Fed. Appx. at 699. The State wasn't a party to the federal lawsuit in which Jones obtained his judgment, and the federal court had no power to grant a judgment against the State on Jones' claim. It stands to reason, then, that filing Jones' federal-court judgment in a state court cannot magically transform it into a judgment payable by the State.

Second, the State has *not* waived its sovereign immunity under the Eleventh Amendment. Another provision of the Kansas Tort Claims Act—not cited by Jones— provides that "[n]othing . . . in the Kansas tort claims act shall be construed as a waiver by the state of Kansas of immunity from suit under the 11th amendment to the constitution of the United States." K.S.A. 75-6116(g). See *Connelly v. Kansas Highway Patrol*, 271 Kan. 944, 962, 26 P.3d 1246 (2001) (noting that the State has not waived its sovereign immunity from suits seeking monetary damages under 42 U.S.C. § 1983) (*citing Beck v. Kansas Adult Authority*, 241 Kan. 13, 21, 735 P.2d 222 [1987]).

4

Third, the Kansas Supreme Court has held that the State of Kansas has sovereign immunity from claims by individuals based on federal law even when the claims are brought in state court. *Connelly*, 271 Kan. at 961; *Schall v. Wichita State University*, 269 Kan. 456, 466, 7 P.3d 1144 (2000). Thus, even if Jones would have initially brought his claims in state court and attempted to include the State as a defendant, even a state court would not have had jurisdiction to enter a judgment on this claim against the State. While the State can waive immunity, *Schall*, 269 Kan. at 466, Jones' waiver claim is based on K.S.A. 75-6109. As we've already noted, that provision of the Kansas Tort Claims Act doesn't serve to waive Eleventh Amendment immunity. See K.S.A. 75-6116(g).

In sum, Jones has a valid federal judgment against the former prison guard. He was entitled to that judgment and had the right to collect it. What he does not have is a claim that can be presented in state court to have the State of Kansas pay that claim: The State has not waived its sovereign immunity.

We therefore affirm the district court's judgment, which dismissed Jones' claim for lack of subject-matter jurisdiction.

[1]**REPORTER'S NOTE:** Previously filed as an unpublished opinion, the Supreme Court granted a motion to publish pursuant to Rule 7.04 (2015 Kan. Ct. R. Annot. 64). The published version was filed with the Clerk of the Appellate Courts on August 3, 2016.