(329 P.3d 496)

No. 109,672

Floyd W. Pew, Jr., *et al.*, *Appellants*, v. Shawn Sullivan, Kansas Department for Aging and Disability Services, *et al.*, *Appellees*.

Opinion filed March 28, 2014.

*Floyd W. Pew, Jr., et al.*, pro se appellants.

*Corrine E. Johnson*, litigation counsel, of Kansas Department for Aging and Disability Services, for appellees.

Before SCHROEDER, P.J., LEBEN, J., and HEBERT, S.J.

SCHROEDER, J.: Floyd W. Pew and 66 other members of the Kansas Sexual Predator Treatment Program (collectively referred to as Residents) appeal the district court's summary dismissal of their writ of habeas corpus challenging the program's decision to restrict their right to purchase consumable items to only three vendors. Management of the Kansas Sexual Predator Treatment Program has failed to show its restricted vendor policy has a treatment or security-related basis. We therefore remand for the appointment of counsel and for further proceedings consistent with this opinion.

## FACTS

*Petitions for Writ of Habeas Corpus*

Originally, Pew and 96 named petitioners filed identical individual petitions for a writ of habeas corpus; these were consolidated into one case for resolution before the district court. Residents filed their habeas corpus petitions against the Kansas Secretary of Social and Rehabilitation Services and others involved in the management of the Kansas Sexual Predator Treatment Program (collectively referred to as SPTP).

On September 13, 2011, SPTP posted a memo involving purchases of consumable items through mail vendors, stating:

"Effective immediately, residents will only be allowed to receive consumables from three identified vendors: 1) Keefe 2) Walkenhorst and 3) J.L. Marcus. This means residents will not be allowed to receive any consumable items from family or any other vendors. Hygiene products will be considered consumable items.

"Items from other vendors and/or family post-marked by 9/12/11 will be allowed. Items from other vendors or family dated 9/13/11 will be disallowed."

The restriction went into effect immediately and denied receipt of any packages received from an unapproved vendor. Residents' writ of habeas corpus aims to compel SPTP to "lift the unlawful restraint" of limiting Residents to receiving consumables from only three vendors.

In their petitions, Residents argue SPTP violated their right to receive items in the mail from "whomever or whatever business [they choose]." Residents acknowledge their mail privileges could be restricted but only if they were provided with written notice detailing the reasons for the restriction and a hearing regarding the restriction. Because no written document or hearing was provided showing a medical reason for the restricted vendor policy, Residents argued SPTP violated K.S.A. 2013 Supp. 59-29a22(c). Additionally, Residents argue that the restriction violated their constitutional liberty interest granted by K.S.A. 2013 Supp. 59-29a22(b)(22) to spend money as they choose.

*Issuance of Writ*

The district court initially issued a writ of habeas corpus, requiring SPTP to file an answer within 45 days of February 15, 2012. SPTP never filed an answer but instead chose to file a motion to dissolve the writ of habeas corpus.

*Memorandum Decisions*

The matter proceeded through the district court with various motions by Residents and responses by SPTP. The district court initially found Residents were entitled to relief on a statutory basis and should be granted a hearing. Ultimately, the district court reversed that decision without a hearing and found Residents were not entitled to relief as the consumables policy restriction did not represent a violation of their statutory or constitutional liberty to purchase consumable items.

Only 66 of the original 97 Residents remain parties to this appeal.

## ANALYSIS

Residents claim the restricted vendor policy violates their constitutional and statutory rights. On appeal, Residents raise eight claims, including SPTP violated their right to receive mail as provided by K.S.A. 2013 Supp. 59-29a22(b)(15), along with the right to spend their money as they choose guaranteed under K.S.A. 2013 Supp. 59-29a22(b)(22). Residents are correct the district court erred in summarily dismissing their petitions without requiring

SPTP to provide a treatment or security-related reason for the new restricted vendor policy. Since we are reversing and remanding to the district court on this issue, we decline to address the remaining issues.

## The District Court Erred in Summarily Dismissing Residents' Claims

Residents are involuntary patients at the SPTP, and each retains his or her constitutional rights. See *Johnson v. State*, 289 Kan. 642, 650, 215 P.3d 575 (2009). However, the district court summarily dismissed Residents' claims, ruling they failed to raise a substantive due process right and that Residents' statutory claim was not properly before the district court under a K.S.A. 60-1501 petition. Even if a level of statutory process was required, the district court held that an appropriate level of process was given for the restricted vendor policy. Residents argue the district court erred in summarily dismissing their petition seeking relief from SPTP's restricted vendor policy.

" 'Upon review of a district court's order dismissing a petition for failure to state a claim upon which relief can be granted, appellate courts are required to accept the facts alleged by the plaintiff as true. The court must determine whether the alleged facts and all their inferences state a claim, not only on the theories which the plaintiff espouses, but on any possible theory. [Citation omitted.]' *Foy v. Taylor*, 26 Kan. App. 2d 222, 223, 985 P.2d 1172, *rev. denied* 268 Kan. 886 (1999)." *Hill v. Simmons*, 33 Kan. App. 2d 318, 320, 101 P.3d 1286 (2004).

### Standard of Review

To state a claim for relief in a petition for a writ of habeas corpus under K.S.A. 60-1501, a petition must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson*, 289 Kan. at 648. "[I]f, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from incontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists," then summary dismissal is proper. 289 Kan. at 648-49; see K.S.A. 2013 Supp. 60-1503(a). "An appellate court reviews a summary dismissal de novo. [Citations omitted.]" *Johnson,* 289 Kan. at 649.

*Restriction on Right to Receive Mail Must Be Treatment or Security Related*

The right of Residents to receive items in the mail is governed by K.S.A. 2013 Supp. 59-29a22(b)(15)(B)(i)-(iii). Regarding their right to receive mail, Residents point to *Merryfield v. Kansas Dept. of SRS*, No. 102,384, 2009 WL 5206252, at *1 (Kan. App. 2009) (unpublished opinion), in which a panel of this court recognized that the right of residents of the SPTP to receive mail from outside sources could not be denied via a summary dismissal. The panel ruled K.S.A. 2013 Supp. 59-29a22(b)(15) provides a "limited right to receive property items through the mail." If that right is denied, "[t]he denial must be for cause, notice of that cause must be provided to the resident, and the resident has the right to a hearing." 2009 WL 5206252, at *3.

Residents also cite to *Bailey v. Howard*, No. 106,573, 2012 WL 1072816 (Kan. App. 2012) (unpublished opinion). In *Bailey*, a panel of this court held it could not dismiss a petitioner's claim for failure to show "shocking and intolerable conduct" on its face after the petitioner alleged his room was searched and property was seized without notice, because a K.S.A. 60-1501 petition can only be dismissed if "incontrovertible facts establish that the petitioner is not entitled to relief." 2012 WL 1072816, at *7. We recognize the factual pattern in *Bailey* is far removed from this case, but the concept of notice as discussed in *Bailey* is relevant.

SPTP responds it has a compelling governmental interest in the treatment of residents and has a duty to preserve "the safety and security of the facility, residents, and staff." See *Williams v. DesLauriers*, 38 Kan. App. 2d 629, 638, 172 P.3d 42 (2007). To advance this interest, SPTP claims it has the authority to create policies, rules, and regulations relating to the treatment of residents and the court should defer to its professional judgment in determining what conditions and treatment methods are necessary to maintain safety and security. *Levier v. State*, 209 Kan. 442, 450-51, 497 P.2d 265 (1972).

Further, to maintain a procedural due process claim, SPTP states Residents must show they have been deprived of a consti-

tutional life, liberty, or property interest. *Murphy v. Nelson*, 260 Kan. 589, 598, 921 P.2d 1225 (1996); *Merrifield v. County Com'rs for County of Santa Fe*, 654 F.3d 1073, 1078 (10th Cir. 2011). SPTP argues Residents fail to demonstrate the deprivation of such a right through their reliance on *Merryfield*, 2009 WL 5206252, and *Bailey*, 2012 WL 1072816.

SPTP claims *Merryfield* is distinguishable from the case at hand because the policy in *Merryfield* applied to a smaller subset of residents. Here, the policy was applied to all residents, although the reasons for the restrictive policy were never explained. SPTP also distinguishes the case at hand from *Bailey*. In *Bailey*, the panel determined the resident had a protected property right in items taken from his room in a search and seizure. 2012 WL 1072816, at *6. SPTP argues Residents have no such protected liberty or property interest in the number of vendors they can use. The liberty or property interest issue is not the number of vendors they can use but how use of their property (money) to purchase consumable items is being denied without a treatment or security-related reason.

SPTP is correct in arguing Residents' right to mail is not absolute. K.S.A. 2013 Supp. 59-29a22(b)(15)(B)(i)-(iii). However, the plain language of K.S.A. 2013 Supp. 59-29a22(c) indicates "[a] patient's rights guaranteed under subsections (b)(15) to (b)(21) may be denied for cause *after review*." (Emphasis added.) Here, the right to receive mail has been denied without providing a treatment or security-related reason for creating the restricted vendor policy, and there has never been a review to establish cause to deny Residents their purchasing opportunities such as provided by K.S.A. 2013 Supp. 59-29a22(b)(22). SPTP, by restricting Residents' number of possible vendors, has limited their right to receive items in the mail without a due process hearing pursuant to K.S.A. 2013 Supp. 59-29a22(c).

When considering the new policy, we recognize the Kansas Sexually Violent Predator Act. K.S.A. 59-29a01 *et seq.* grants SPTP administrators some discretion in adopting policies to operate, manage, and meet their statutory purpose. Given that statutory

authority to manage the program, it is still limited by the constitutional rights of Residents.

"When a statute is attacked as violative of due process, the test is whether the legislative means selected has a real and substantial relation to the objective sought. This rule has been restated in terms of whether the regulation is reasonable in relation to its subject and is adopted in the interest of the community." *Chiles v. State*, 254 Kan. 888, Syl. ¶ 11, 869 P.2d 707 (1994).

SPTP argues that as long as it enacts a blanket policy that is applicable to all residents, no due process hearings are required. Here, SPTP cites no case involving the long-term, involuntary commitment of sexual offenders that recites such a rule. The constitutionality of Residents' involuntary commitment is itself premised upon the requirement that the conditions of confinement generally be limited to those necessary for treatment. See *Merryfield v. State*, 44 Kan. App. 2d 817, 820-21, 241 P.3d 573 (2010). "[D]ue process commands that conditions and duration of confinement bear some reasonable relation to its civil purpose—treatment—without which incapacitation serves as mere preventive detention, 'a warehousing operation for social misfits.' " *Johnson*, 289 Kan. at 655 (discussing *Cross v. Harris*, 418 F.2d 1095, 1107 [D.C. Cir. 1969]). Accordingly, this change in policy must show a treatment or security-related reason to modify the purchasing options of Residents with their statutory and constitutional rights to spend their money. The burden is on SPTP to show there is a treatment or security-related reason for the policy. However, with that in mind, SPTP has not shown a treatment or security-related basis for the implementation of the new policy that curtails Residents' right to buy and use their money.

Under K.S.A. 2013 Supp. 59-29a22(c), SPTP can only deny the rights provided by K.S.A. 2013 Supp. 59-29a22(b)(15) to (b)(21) for cause or when the exercise of those rights would be detrimental to a resident's medical or therapeutic treatment. Our court previously concluded in *Merryfield* that a resident's claim that his right to receive mail could not be stopped without a due process hearing could not be summarily dismissed, and SPTP has not provided any valid basis to distinguish that case. See 2009 WL 5206252, at *2-3. K.S.A. 2013 Supp. 59-29a22(c) provides a limited due process

right; the failure to provide that due process hearing constitutes a continuing violation of a constitutional stature. SPTP's implementation of the new policy reflects an indifference to Residents' statutory right to a due process hearing. Given our requirement to liberally construe pro se pleadings, Residents have established a cause of action. See *State v. Kelly*, 291 Kan. 563, 565, 244 P.3d 639 (2010).

### Right to Spend Money

In its memorandum decision, the district court ruled Residents' right to spend money as they choose could be denied for cause under K.S.A. 2013 Supp. 59-29a22(c). Residents argue this ruling was incorrect. The right of Residents to spend money as they choose is governed by K.S.A. 2013 Supp. 59-29a22(b)(22). K.S.A. 2013 Supp. 59-29a22(c) allows for Residents' rights under K.S.A. 2013 Supp. 59-29a22(b)(15) to (b)(21) to be restricted for cause, or when medically or therapeutically contraindicated, upon notice and due process. Because the right to spend money is outside of the scope of K.S.A. 2013 Supp. 59-29a22(c), Residents argue the district court erred in interpreting the statute.

When considering Residents' right to spend money, SPTP has not shown a treatment or security-related reason to limit how or where Residents spend their money. The courts are not here to second-guess or control the daily treatment program for Residents, but the court also must protect Residents' statutory and constitutional rights. We must balance the individual's liberty interest against the government's reason for restraining liberty. *Youngberg v. Romeo*, 457 U.S. 307, 320-21, 102 S. Ct. 2452, 73 L. Ed. 2d 28 (1982).

SPTP makes no specific arguments regarding Residents' right to spend money as they choose, relying again on the claim that it may institute blanket policies at its own discretion, without the need to tie those policies in any way to the requirements of treatment or security. Without any specific argument by SPTP to the contrary, we conclude the Fourteenth Amendment to the United States Constitution grants Residents a property interest in their money. See *DesLauriers*, 38 Kan. App. 2d at 637. Based on the showing

made in the present record by SPTP, that interest may not be denied without due process.

CONCLUSION

We recognize that a panel of this court has summarily affirmed district court orders concluding that another SPTP resident had no "private right of action" under K.S.A. 2013 Supp. 59-29a22. *E.g., Merryfield v. Sullivan*, No. 109,040, 2013 WL 4730597, at *1 (Kan. App. 2013) (unpublished opinion), *petition for rev. filed* September 23, 2013. That opinion does not directly discuss a SPTP resident's right to a due process hearing under K.S.A. 2013 Supp. 59-29a22(c) through a writ of habeas corpus. As we have noted, that statute specifically provides for a due process review of the denial of a resident's "rights guaranteed under subsections (b)(15) to (b)(21)."

The district court improperly granted the summary disposition of the habeas corpus petitions. SPTP must follow the statutory provisions, including their due process rights, under K.S.A. 2013 Supp. 59-29a22 when limiting Residents' statutory and constitutional right to purchase consumable items and to spend money as they choose. We remand to the district court for proceedings to reconsider the petitions for writ of habeas corpus in accordance with this opinion and for the district court to appoint counsel to represent Residents. *Merryfield*, 44 Kan. App. 2d 817, Syl. ¶ 3.

Reversed and remanded with instructions.