NOT DESIGNATED FOR PUBLICATION

No. 116,150

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TIMOTHY J. BURCH,
*Appellant*,

v.

KARI BRUFFETT, Secretary for the
KANSAS DEPARTMENT FOR AGING AND DISABILITY SERVICES,
*Appellee*.

MEMORANDUM OPINION

Appeal from Pawnee District Court; JOHN E. SANDERS, judge. Opinion filed February 24, 2017. Reversed and remanded with directions.

*Timothy J. Burch*, appellant pro se.

*Jessica F. Conrow*, litigation counsel, of Kansas Department for Aging and Disability Services, for appellee.

Before HILL, P.J., GREEN, J., and BURGESS, S.J.

*Per Curiam*:  Timothy J. Burch, a resident at Larned State Hospital under the Kansas Sexual Predator Treatment Program (SPTP), appeals from the trial court's summary dismissal of his petition for writ of habeas corpus under K.S.A. 60-1501. The petition alleged that Burch's due process rights under the Fourteenth Amendment to the United States Constitution and his statutory rights under K.S.A. 2015 Supp. 59-29a22(b)(15) and (c) were violated. Burch alleged that the violation occurred when SPTP restricted his right to receive an order shipped to him by Walmart.com because it

1

exceeded a weight limit on incoming consumables. The trial court summarily denied the petition for failing to state a claim upon which relief could be granted. On appeal, Burch argues that the trial court's summary denial of his petition was improper. Finding merit in Burch's argument, we reverse and remand to the trial court with directions to determine whether SPTP has a weight restriction on incoming consumables that applies to all residents. Moreover, if there is a weight restriction on incoming consumables that applies to all residents, the trial court is further directed to determine whether this weight restriction is related to a legitimate governmental interest as provided for in K.S.A. 2015 Supp. 59-29a22(c)(2).

Timothy J. Burch was involuntarily committed to the Sexual Predator Treatment Program (SPTP) as authorized by K.S.A. 59-29a01 *et seq*. On April 15, 2015, Burch filed a petition for writ of habeas corpus under K.S.A. 2015 Supp. 60-1501. Burch's petition alleged that his rights under the Fourteenth Amendment to the United States Constitution had been violated by the custodian of his confinement. Specifically, Burch alleged that his fundamental liberty interest to spend his money as he chooses under K.S.A. 2015 Supp. 59-29a22(b)(22) and his fundamental liberty interest to receive mail under K.S.A. 2015 Supp. 59-29a22(b)(15) had been violated without being provided "any form or manner of notice or Due Process . . . ."

Burch's petition was based on the following chain of events. At some point before April 2015, Burch placed an order with Walmart.com for shipment to him at the SPTP facility. There is no indication in the record as to what items were ordered. On April 3, 2015, Burch began to question why he had not received his order. A property officer at the facility told Burch that his order had not arrived and that if it had arrived it had not been returned. On April 7, 2015, Burch went to the mailroom to retrieve his order from Walmart.com. The property officer told Burch that he would not be able to keep the entire order because it exceeded the weight limit on incoming consumables. Burch took

2

the contents that were under the weight limit and left part of the order with the property officer.

In his petition, Burch requested that the trial court (1) issue a declaration that he had several liberty interests unlawfully taken from him; (2) issue a declaration that he was not afforded due process as required by the Fourteenth Amendment to the United States Constitution; (3) order a hearing to provide him with due process or order the facility to provide a proceeding; (4) order the facility to adopt a procedure to ensure his rights were not violated in the future; (5) grant him the costs of the proceeding; and (6) grant any and all other appropriate relief.

On April 15, 2015, Burch also filed a "Motion for Expedient Ruling in Accords with Kan. Stat. Ann. § 60-1503." Burch requested a summary ruling because he was worried it would otherwise "take several years to have a final resolve . . . ." He also requested the expedited ruling because his situation was identical to *Pew v. Sullivan*, 50 Kan. App. 2d 106, 329 P.3d 496 (2014).

On April 21, 2015, the trial court issued an order in which it acknowledged Burch's habeas corpus petition. The court stated that it would conduct a review of the petition under K.S.A. 60-1503. On July 17, 2015, the trial court ordered Kansas Department for Aging and Disability Services (KDADS) to file an answer or responsive pleading to Burch's petition. On July 31, 2015, KDADS filed an answer to Burch's petition. The answer denied any wrongdoing and requested that the trial court dissolve and dismiss Burch's petition with prejudice. In the alternative, KDADS requested that the matter be set for hearing.

On June 2, 2016, the trial court summarily denied Burch's petition for failing to state a claim upon which relief could be granted. The trial court's order stated in part:

3

"Burch provides no information on what was ordered or the weight of the shipment. He attempts to equate this circumstance with mail censorship and the right to possess personal items. He contends that he was entitled to but denied some type of undefined due process procedure prior to the determination that the shipment exceeded appropriate weight limits. Burch contends that his liberty and due process rights under the 14th Amendment were thus violated[.]

"The Court finds the incident complained of does not constitute shocking and intolerable conduct by the authorities. Monitoring or limiting the amount or weight of incoming shipments to residents does not rise to the level of a significant or atypical departure from the normal rigors of confinement. As such, the incident in question raises no constitutional questions.

"The Court will not retry factual issues. It grants considerable deference to institutional authorities in regulating the balance between residents' rights to access materials and the need to provide proper control for security, control and safe management of the facility. To that the Court would add normal day-to-day facility management, and the allocation of available resources generally.

"This Court will not superintend institutional authorities or presume to manage the facility in the absence of cruel or unusual punishment. The Court sees no constitutional issues in a [routine] difference of opinion between a resident and institutional staff concerning limitations and legitimate control of incoming inmate shipments. The Court will not second-guess the authorities in matters involving normal custodial and day-to-day matters."

*Did the Trial Court Err in Summarily Dismissing Burch's K.S.A. 60-1501 Petition?*

A K.S.A. 60-1501 petition gives a prisoner a procedure to challenge the mode or conditions of his or her confinement, including a penal institution's administrative actions. *Safarik v. Bruce*, 20 Kan. App. 2d 61, 67, 883 P.2d 1211, *rev. denied* 256 Kan. 996 (1994). Burch's argument in his petition is simple: "(1) [he] received mail; (2) [s]aid mail was restricted; and (3) [n]o Due Process was provided." The trial court summarily dismissed Burch's petition for failing to state a claim.

4

To state a claim for relief under K.S.A. 60-1501, a petitioner must allege "shocking and intolerable conduct or continuing mistreatment of a constitutional stature." *Johnson v. State*, 289 Kan. 642, 648, 215 P.3d 575 (2009). The threshold question in determining whether conduct is shocking or intolerable is whether the conduct "is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 847-48, 118 S. Ct. 1708, 140 L. Ed. 2d 1043 (1998).

"[I]f, on the face of the petition, it can be established that petitioner is not entitled to relief, or if, from undisputed facts, or from uncontrovertible facts, such as those recited in a court record, it appears, as a matter of law, no cause for granting a writ exists," then summary dismissal is proper. *Johnson*, 289 Kan. at 648-49; see K.S.A. 2015 Supp. 60-1503(a). An appellate court exercises unlimited review over a summary dismissal. *Johnson*, 289 Kan. at 649. This court must take the facts alleged in a plaintiff's petition as true, along with any reasonable inferences that can be drawn from those facts. *Cohen v. Battaglia*, 296 Kan. 542, 546, 293 P.3d 752 (2013).

Burch argues that the facility violated his due process rights under the Fourteenth Amendment to the United States Constitution when it denied him his complete order from Walmart.com without notice or an opportunity to be heard. Burch argues that he suffered an "egregious violation of his constitutional and statutory rights." Thus, even though he does not expressly state that the facility's actions were shocking and intolerable, he argues as much by stating that he suffered an "egregious" violation of his rights. Burch also claims under the second alternative of K.S.A. 60-1501—the continuing mistreatment of a constitutional stature—that he was denied due process.

In conducting our review, we keep in mind that "[t]he courts are not here to second-guess or control the daily treatment program for Residents, but the court also must protect Residents' statutory and constitutional rights. We must balance the

5

individual's liberty interest against the government's reason for restraining liberty. [Citation omitted.]" *Pew*, 50 Kan. App. 2d at 113. Furthermore, when this court reviews SPTP policy decisions, it gives SPTP a certain deference and flexibility associated with managing the operation of the facility. See *Chubb v. Sullivan*, 50 Kan. App. 2d 419, 430, 330 P.3d 423 (2014), *rev. denied* 300 Kan. 1103 (2014).

With these general rules in mind we move forward to determine whether Burch has alleged "shocking and intolerable conduct or continuing mistreatment of a constitutional stature" sufficient to state a claim for relief under K.S.A. 60-1501.

The facts leading to this appeal are straight forward. Burch placed an order with Walmart.com, which he alleges was an approved vendor according to SPTP's facility policies. When he first went to the mailroom to pick up his order, an SPTP property officer told him that it had not been received. When he returned to the mailroom at a later date, an SPTP property officer told him that he could not keep the entire order because it exceeded the weight limit on incoming consumables. Burch was allowed to take part of the order with him and was required to return the rest of the order that exceeded the weight limit.

Burch's petition alleged that SPTP did not have an existing policy limiting the weight of incoming consumables when he was denied part of his order. The petition also alleged that SPTP failed to give him notice of any weight restriction on incoming consumables. The SPTP policy relating to mail was not made available on appeal and attempts to locate such a policy were unsuccessful. We must also note that in its answer to Burch's petition, KDADS made a blanket denial, stating that it "lack[ed] knowledge or sufficient information to form a belief about the truth of the allegations . . . ."

On appeal, Burch argues that "the Court of Appeals [has] established that K.S.A. § 59-29a22(b)(15) clearly mandates that anytime [a] Petitioner's mail is denied he [or she]

6

is to be provided the Due Process as mandated by K.S.A. § 59-29a22(c)." Thus, we turn briefly to K.S.A. 2015 Supp. 59-29a22 to determine what rights and process Burch is due as a resident of SPTP.

K.S.A. 2015 Supp. 59-29a22 covers residents of SPTP. K.S.A. 2015 Supp. 59-29a22(b)(15) establishes that residents of SPTP have the right "[t]o send and receive mail with reasonable limitations." K.S.A. 2015 Supp. 59-29a22(c) covers procedure related to the restriction of a resident's right to receive mail. Specifically, K.S.A. 2015 Supp. 59-29a22(c)(1) provides that a resident's rights under 59-29a22(b)(15) "may be denied for cause by the superintendent of the facility or the superintendent's designee . . . . The individual shall be informed in writing of the grounds for withdrawal of the right and shall have the opportunity for review . . . in an informal hearing . . . ." But K.S.A. 2015 Supp. 59-29a22(c)(2) provides that if a "facility makes an administrative decision that applies equally to all persons and there is a legitimate governmental reason for the decision, notice of the decision is all that is required." Thus, K.S.A. 2015 Supp. 59-29a22(c)(2) is an expressly stated exception to the normal process due under K.S.A. 2015 Supp. 59-29a22(c)(1).

With the general language of the applicable statutes established, we now turn to the authority advanced by the parties in support of their respective positions. Burch argues that a string of opinions from this court, of which *Pew* is the most significant, establish that the summary denial of his claim was improper. The State argues that the most recent case from this court on the issue, *Chubb*, supports its position that the trial court properly summarily dismissed Burch's petition for failing to state a claim upon which relief could be granted.

Burch urges this court to look to its decision in *Pew* to determine whether he sufficiently stated a claim for relief under K.S.A. 60-1501. In *Pew*, the petitioners requested the court "compel SPTP to 'lift the unlawful restraint' of limiting Residents to

7

receiving consumables from only three vendors." 50 Kan. App. 2d at 107. The petitioners filed their action after SPTP posted a memo that stated residents would only be allowed to receive consumables from three approved vendors. The petitioners argued that the policy violated K.S.A. 2013 Supp. 59-29a22(c) and their constitutional liberty interest to spend money as they choose under K.S.A. 2013 Supp. 59-29a22(b)(22). The trial court found that the petitioners were not entitled to relief. *Pew*, 50 Kan. App. 2d at 107-08. On appeal, the *Pew* court held that the residents' right to receive mail had "been denied without providing a treatment or security-related reason for creating the restricted vendor policy" and that SPTP had limited the residents' right to receive items in the mail without a due process hearing under K.S.A. 2013 Supp. 59-29a22(c) when it restricted the number of possible vendors. 50 Kan. App. 2d at 111.

The State, on the other hand, asks us to follow *Chubb*, which was decided only a few months after *Pew*. In *Chubb*, the same vendor policy from *Pew* was challenged by the petitioner for unconstitutionally restricting his right to receive mail without due process. 50 Kan. App. 2d at 422. The *Chubb* court held "that the three-vendor policy [did] not implicate a constitutional right and even if it did the policy [was] reasonably related to a legitimate government purpose . . . ." 50 Kan. App. 2d at 421. The court stated that "[u]nlike in *Pew*—where the panel noted that the KDADS had presented no reason for the policy, in this case the KDADS presented an affidavit setting forth the reasons for the policy. [Citation omitted.]" 50 Kan. App. 2d at 441-42. The reason KDADS offered for the three-vendor policy was to keep contraband from entering the facility. 50 Kan. App. 2d at 442.

Considering both *Pew* and *Chubb*, we must determine whether SPTP had a valid reason for restricting Burch's order based on its weight.

The State argues that our present appeal is most like *Chubb* because a reason for restricting Burch's mail was presented—its weight. The State asserts that the trial court

8

was correct in finding "that requiring a maximum weight provides 'proper control for security, control and safe management of the facility.'" The State also asserts that

> "because this case was summarily dismissed, [it] proffers there are further facts, polic[i]es, and documentation not included in Burch's petition which demonstrate Burch was on notice of the weight limit and its purpose. . . . However, because of the procedural posture of the case, not all of those facts are in evidence."

KDADS essentially argues, without expressly doing so, that K.S.A. 2015 Supp. 59-29a22(c)(2) applies here because a weight limit policy related to incoming consumables exists and Burch was aware of the policy when he made his order. But taking Burch's allegations as true, as we are required to do, we cannot say for certain whether a policy related to the weight of incoming consumables exists. Furthermore, both *Pew* and *Chubb* were decided before the existence of K.S.A. 2015 Supp. 59-29a22(c)(2) (effective July 1, 2015), which allows SPTP to have a policy that regulates mail based on weight so long as it applies to all residents equally and is related to a legitimate government interest. Comparing the court's decisions with the language of K.S.A. 2015 Supp. 59-29a22(c)(2), the provision may have very well been drafted in response to the court's decisions in *Pew* and *Chubb*.

In light of KDADS's argument on appeal, it is difficult to understand the lack of attention paid to Burch's petition by the agency when the trial court ordered it to answer. In *Chubb*, KDADS presented their reasons for the three-vendor policy in the form of an affidavit, which was accepted as a valid form of proof by the trial court and the appellate court. If, as the State argues on appeal, there are indeed more facts, policies, and documents that tend to prove its position, it would have been wise to include an affidavit or some other documentation for the trial court's consideration. Now, on appeal, we are left with a scant record that puts us at a disadvantage in reviewing Burch's petition.

9

Accordingly, we reverse and remand for further proceedings consistent with this opinion.