NOT DESIGNATED FOR PUBLICATION

No. 116,537

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

DUSTIN J. MERRYFIELD and
LINDON A. ALLEN,
*Appellants*,

v.

DR. TOMAS GARZA, Larned State Hospital Medical Doctor;
BARBARA NELSON, Larned State Hospital APRN; and
SHAWN SULLIVAN, Secretary of KDADS;
All Defendants Are Sued in their Individual, Official, and Personal Capacities,
*Appellees*.

MEMORANDUM OPINION

Appeal from Pawnee District Court; WILLIAM B. ELLIOTT, judge. Opinion filed February 9, 2018. Affirmed.

*Dustin J. Merryfield* and *Lindon A. Allen*, appellants pro se.

*David S. Wooding*, of Martin, Pringle, Oliver, Wallace & Bauer, L.L.P., of Wichita, for appellees Dr. Tomas Garza and Barbara Nelson.

*Lori D. Dougherty-Bichsel*, senior litigation counsel, and *Kimberly M.J. Lynch*, chief counsel, of Kansas Department for Aging and Disability Services, for appellee Timothy E. Keck.

Before ARNOLD-BURGER, C.J., BUSER and SCHROEDER, JJ.

PER CURIAM: Dustin J. Merryfield and Lindon A. Allen appeal the district court's finding that sovereign and qualified immunity applies to all defendants in their official and individual capacities. We find no error and affirm.

1

On October 24, 2013, Merryfield and Allen filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (2012) against Dr. Tomas Garza, Larned State Hospital's medical doctor; Barbara Nelson, Larned State Hospital's APRN; and Shawn Sullivan, the Secretary of Kansas' Department for Aging and Disability Services, in their official and personal capacities. The complaint alleged Dr. Garza inflicted cruel and unusual punishment on Merryfield during a procedure to correct Merryfield's swollen and infected big toe. It alleged Sullivan violated K.S.A. 2013 Supp. 59-29a22(d) by failing to promulgate any procedure for ensuring the protection of their rights. The complaint also alleged Nelson violated their rights under K.S.A. 2013 Supp. 59-29a22(b) by placing Merryfield and Allen on dietary restrictions without allowing them to participate in or refuse their treatment. The complaint sought declaratory and injunctive relief as well as a monetary award of $1,000 from each defendant to Merryfield and a monetary award of $100 from each defendant to Allen.

Sullivan moved to dismiss the claims against him, arguing he was entitled to both sovereign and qualified immunity. The district court dismissed the claims against Sullivan finding "there are no allegations showing any personal action or failure to act that violated Plaintiffs' federal rights and thus Plaintiffs cannot recover under 42 U.S.C. § 1983."

Following discovery, Dr. Garza and Nelson moved for summary judgment. They argued Merryfield's claims must be dismissed pursuant to K.S.A. 2015 Supp. 59-29a24a(c), which prevented a patient in the Sexual Predator Treatment Program from bringing a civil action if the patient had previously had three or more civil actions dismissed as malicious, frivolous, or for failure to state a claim. Dr. Garza and Nelson also argued they were entitled to both sovereign and qualified immunity from Allen's

2

claims. Merryfield, and Allen responded, asking the court to deny Dr. Garza and Nelson's motion for summary judgment and to grant summary judgment in their favor.

At the pretrial motions hearing, Merryfield dismissed his claims against Dr. Garza related to his ingrown toenail. The district court dismissed the rest of Merryfield's claims pursuant to K.S.A. 2015 Supp. 59-29a24a(c), leaving only Allen's claims still pending. It found Dr. Garza and Nelson were entitled to sovereign immunity in their official capacities pursuant to the Eleventh Amendment to the United States Constitution. The district court further found Dr. Garza and Nelson were entitled to qualified immunity in their individual capacities because Allen had not met his burden of showing a violation of a clearly established constitutional right.

Merryfield and Allen appealed. Timothy Keck, current Secretary of the Kansas Department for Aging and Disability Services, was substituted for the claims against Sullivan in his official capacity. See K.S.A. 2016 Supp. 60-225(d). Sullivan is still a defendant for all claims against him in his individual and personal capacity.

ANALYSIS

*Sovereign Immunity Applies*

Merryfield and Allen argue the district court improperly granted Dr. Garza and Nelson sovereign and qualified immunity. They also argue immunity was not a bar to the declaratory or injunctive relief they sought.

Whether sovereign immunity applies is a question of law. *Jones v. Kansas Dept. of Corrections*, 52 Kan. App. 2d 853, 854, 376 P.3d 774 (2016). The Eleventh Amendment to the United States Constitution generally bars suits in federal court for money damages against a state. *Edelman v. Jordan*, 415 U.S. 651, 662-63, 94 S. Ct. 1347, 39 L. Ed. 2d

3

662 (1974). Further, the Eleventh Amendment bars monetary claims against state officials acting in their official capacity. *Kentucky v. Graham*, 473 U.S. 159, 169, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). Sovereign immunity also bars claims against state officials by individuals based on federal law even if the claims are brought in state court. *Schall v. Wichita State University*, 269 Kan. 456, 466, 7 P.3d 1144 (2000).

Dr. Garza, Nelson, and Secretary Keck are all State officials. Merryfield and Allen filed claims pursuant to federal law—42 U.S.C. § 1983—seeking monetary damages from Dr. Garza, Nelson, and Keck. Accordingly, these claims were barred by sovereign immunity and the district court did not err in dismissing them.

Next, we address Merryfield and Allen's claims against Dr. Garza, Nelson, and Sullivan in their personal and individual capacities.

*Qualified Immunity Applies*

Whether an official enjoys qualified immunity is a question of law. *Bloom v. Muckenthaler*, 34 Kan. App. 2d 603, 606, 127 P.3d 342 (2005).

> "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982). Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. The protection of qualified immunity applies regardless of whether the government official's error is 'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.' *Groh v. Ramirez,* 540 U.S. 551, 567, 124 S. Ct. 1284, 157 L. Ed. 2d 1068 (2004) (Kennedy, J., dissenting) (quoting *Butz v. Economou,* 438 U.S. 478, 507, 98 S. Ct. 2894, 57 L. Ed. 2d 895 [1978], for the proposition that qualified immunity covers 'mere

4

mistakes in judgment, whether the mistake is one of fact or one of law')." *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009).

When a defendant raises a qualified immunity defense, the court must decide whether the facts alleged make out a violation of a constitutional right. It must also decide whether the right at issue was clearly established at the time of the alleged misconduct. Unless the defendant's conduct violated a clearly established constitutional right, the defendant is entitled to qualified immunity. *Callahan*, 555 U.S. at 232.

*Violation of a Constitutional Right*

"Section 1983 'is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred.'" *Gaines v. Stenseng*, 292 F.3d 1222, 1225 (10th Cir. 2002) (quoting *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S. Ct. 1865, 104 L. Ed. 2d 443 [1989]). Claims for violations of state statutes are not recognized under 42 U.S.C. § 1983. *Gaines*, 292 F.3d at 1225.

Merryfield and Allen seemingly argue K.S.A. 2013 Supp. 59-29a22(b)(4), (5), and (9) create liberty interests protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. As a result, they contend Dr. Garza, Nelson, and Sullivan were not entitled to qualified immunity. They assert a panel of this court affirmed these are liberty interests in *Pew v. Sullivan*, 50 Kan. App. 2d 106, 329 P.3d 496 (2014). However, *Pew* did not create liberty interests in all of the provisions of K.S.A. 2013 Supp. 59-29a22. Instead, it found a property interest protected by the Fourteenth Amendment in the right to spend money pursuant to K.S.A. 2013 Supp. 59-29a22(b)(22). *Pew*, 50 Kan. App. 2d at 113-14. Similarly, it found the Sexual Predator Treatment Program improperly restricted its patients' access to mail without the statutory due process hearings as required by K.S.A. 2013 Supp. 59-29a22(c). *Pew*, 50 Kan. App. 2d at 112-13. However, while *Pew* did not create a liberty interest in all of the provisions

5

of K.S.A. 2013 Supp. 59-29a22, K.S.A. 2013 Supp. 59-29a22(b)(4), (5), and (9) may still create liberty interests.

> "Protected liberty interests arise from two sources: (1) the Due Process Clause; and (2) the laws of the states. *Shepherd v. Davies*, 14 Kan. App. 2d 333, 335, 789 P.2d 1190 (1990). 'A State creates a protected liberty interest by placing substantive limitations on official discretion. [Citation omitted.]' *Davis v. Finney,* 21 Kan. App. 2d 547, 554, 902 P.2d 498 (1995) (quoting *Thompson,* 490 U.S. at 462). In order to constitute a protected liberty or property interest for 14th Amendment purposes, an individual must have a legitimate claim of entitlement to it. The interest must be more than an abstract need or desire and more than a unilateral expectation. *Murphy*, 260 Kan. at 598; *Davis*, 21 Kan. App. 2d at 553-54." *Williams v. DesLauriers*, 38 Kan. App. 2d 629, 637, 172 P.3d 42 (2007).

K.S.A. 2013 Supp. 59-29a22(b) states, in relevant part:

> "Each patient shall have the following rights:
>
> . . . .
>
> "(4) Have the right to be informed of such patient's treatment and care and to participate in the planning of such treatment and care.
>
> "(5) Have the following rights, under the following procedures, to refuse medication and treatment:
>
> (A) Have the right to refuse all medication and treatment except as ordered by a court or in a situation in which the medication or treatment is necessary to prevent serious physical harm to the patient or others. Except when medication or medical treatment has been ordered by the court or is necessary to prevent serious physical harm to others as evidenced by a recent overt act, attempt or threat to do such harm, a patient may refuse medications and medical treatment if the patient is a member of a recognized religious organization and the religious tenets of such organization prohibit such medications and treatment.
>
> . . . .
>
> "(9) A right to a humane psychological and physical environment within the hospital facilities. All facilities shall be designed to afford patients with comfort and

safety, to promote dignity and ensure privacy. Facilities shall also be designed to make a positive contribution to the effective attainment of the treatment goals of the hospital."

First, K.S.A. 2013 Supp. 59-29a22(b)(5) grants the patient "the right to refuse all medication and treatment *except . . . in a situation in which the medication or treatment is necessary to prevent serious physical harm to the patient or others.*" (Emphasis added.) Despite Merryfield and Allen's assertions to the contrary, the statute only requires a court order or evidence of a recent overt act, attempt, or threatened harm if the patient wants to refuse medications and/or treatment on religious grounds and the facility believes medication or treatment is necessary to prevent serious physical harm to others. Here, the district court specifically found:  "[Merryfield and Allen] were clinically obese based on the universally recognized Body Mass Index (BMI) measurements. Obesity is a serious health risk and Barbara Nelson was authorized to put [Merryfield and Allen] on dietary restrictions to address this serious health risk." Merryfield and Allen have not argued the district court erred in finding:  (1) they are obese; (2) obesity is a serious health risk; or (3) the dietary restrictions address this serious health risk. As a result, they have failed to argue the exception in K.S.A. 2013 Supp. 59-29a22(b)(5) does not apply. Again, an issue not briefed is deemed waived an abandoned. See *Superior Boiler Works, Inc. v. Kimball*, 292 Kan. 885, 889, 259 P.3d 676 (2011).

Second, Merryfield and Allen have alleged a liberty interest as to the right to be informed of, and be allowed to participate in the planning of, their treatment. The Legislature indicated patients shall have the rights enumerated in K.S.A. 2013 Supp. 59-29a22(b) and has not placed limits on a patient's right to be informed of, and participate in the planning of, his or her treatment. Here, the record reflects Nelson did not allow Merryfield or Allen to participate in the planning of their medical care; instead, she entered the dietary order after consulting Merryfield and Allen's medical records. Merryfield and Allen have established a violation of a protected liberty interest.

7

Accordingly, we must now examine whether the rights at issue were clearly established at the time of the alleged violations.

*Clearly Established*

In order to show the right at issue was clearly established at the time of the alleged misconduct, the plaintiff must identify an on-point United States Supreme Court or published Tenth Circuit Court of Appeals decision. Alternately, the plaintiff can show the weight of authority from other courts clearly established the right. *Cox v. Glanz*, 800 F.3d 1231, 1247 (10th Cir. 2015).

Merryfield and Allen contend: "As the law was clearly established and it was a liberty interest protected by the Constitution, qualified immunity was not applicable to Defendants' actions." However, this is the extent of their argument. They have not cited any United States Supreme Court or published Tenth Circuit decisions to show the right to be informed of, and participate in, the planning of a patient's care and treatment has been clearly established. Nor have Merryfield and Allen cited appropriate caselaw showing the other rights they allege were violated were clearly established at the time of the medical orders were issued. Failure to support a point with pertinent authority or show why it is sound despite a lack of supporting authority or in the face of contrary authority is akin to failing to brief the issue, and the issue is deemed abandoned. *University of Kan. Hosp. Auth. v. Board of Comm'rs of Unified Gov't*, 301 Kan. 993, 1001, 348 P.3d 602 (2015). Because Merryfield and Allen have failed to show Dr. Garza, Nelson, and Sullivan violated a clearly established right, no relief is available to them. The district court did not err when it found Dr. Garcia and Nelson had qualified immunity. Likewise, it did not err when it dismissed Sullivan.

*Merryfield and Allen were not entitled to summary judgment.*

As discussed above, Dr. Garza, Nelson, and Secretary Keck were entitled to sovereign immunity for the claims against them in their official capacities. Similarly, Dr. Garza, Nelson, and Sullivan were entitled to qualified immunity for the claims against them in their individual and personal capacities. Since Dr. Garza, Nelson, and Sullivan were all entitled to summary judgment on the basis of sovereign and qualified immunity on Merryfield and Allen's complaints, we decline to address Merryfield and Allen's motions for summary judgment.

*Dismissal of Merryfield's Claims*

Finally, Merryfield argues K.S.A. 2015 Supp. 59-29a24a is unconstitutional. However, K.S.A. 2015 Supp. 59-29a24a was repealed on July 1, 2016, and Dr. Garza, Nelson, Sullivan, and Secretary Keck agree it is no longer applicable to Merryfield's allegations. L. 2016, ch. 68, § 2. However, they assert this court should affirm the dismissal of Merryfield's claims because they were identical to Allen's claims and Allen is not entitled to relief. "[A]n appellate court can affirm the district court if the court was right for the wrong reason." *State v. Wycoff*, 303 Kan. 885, 886, 367 P.3d 1258 (2016). We affirm the district court because it correctly dismissed Merryfield's petition, albeit for the wrong reason.

Affirmed.

9